## *EX PARTE* GANTT.

APPEAL—PROBATE COURT—ISSUES.—On appeal from probate court to Circuit Court in proceeding for administration on ground of error in *not* finding that petitioner is an heir at law of intestate, it is not necessary for Circuit Court to require of petitioner *prima facie* proof of relationship before submitting that issue to jury, nor for it to find that the evidence on that issue is contradictory, conflicting or evenly balanced.

Before PURDY, J., Barnwell, December, 1905.    Affirmed.

Petition of Jesse T. Gantt, Secretary of State, as escheator, for letters of administration upon estate of Jane R. Moody, to be granted to H. L. O'Bannon.    J. J. Braxton intervened, asking for letters appointing him administrator as the brother of intestate.    From probate decree refusing administration to both, both appeal.    From Circuit order sending issue to jury, petitioner Gantt appeals.

*Mr. B. T. Rice,* for appellant, cites: *Evidence showing that defendant was a bastard, it was abuse of error to send*

*issue to jury:* 25 S. E., 801; 35 S. C., 605; Proffat on Jury Trials, 90, 93; 2 Stock. Chan., 196. *Respondent not entitled to trial by jury as matter of right:* Code of Proc., 274; 35 S. C., 421; 43 S. C., 190; 2 Dan. Ch. Pr., par. 1285; 3 Strob. Eq., 36; Harp. Eq., 69; 56 S. C., 306. *Proof necessary to establish legitimacy:* 1 S. C., 87; 15 S. C., 427; 18 S. C., 71. *Court cannot disturb findings by probate court except upon clear proof:* 13 S. C., 37.

*Messrs. Robt. Aldrich* and *D. S. Henderson,* contra (oral argument).

November 21, 1906. The opinion of the Court was delivered by

Mr. Chief Justice Pope. Jane R. Moody, widow of W. W. Moody, departed this life intestate and childless. Her brother, James J. Braxton, took charge of her estate, claiming to be her sole heir at law and next of kin.

Jesse T. Gantt, as Secretary of State, and as such officer, by law escheater, filed his petition in the probate court of Barnwell, S. C., wherein he sought the appointment of H. L. O'Bannon, Esq., as administrator of the estate of Jane R. Moody, deceased, on the ground that she was an illegitimate, and her estate had thereby been forfeited to the State of South Carolina. The probate judge of Barnwell County issued his usual citation to the kindred and creditors of the said Jane R. Moody. Within the limit fixed by law, James J. Braxton appeared, stating that he was the brother of said Jane R. Moody, deceased, and claimed to be the only heir at law and next kin of the said Jane R. Moody, and as such entitled to the administration of her estate. The parties introduced testimony on that issue. Whereupon the Hon. John K. Snelling, as probate judge of Barnwell County, made his decree, of date 22d of August, 1905, wherein he decided that the preponderance of the evidence was against James Braxton being the brother of Jane R. Moody, deceased; also, that James J. Braxton was a non-

resident of the State of South Carolina, being a resident of Georgia. Therefore, he denied letters of administration to James J. Braxton. He also held that the probate court did not have jurisdiction of the question of escheat, but such question was alone with the Court of Common Pleas, and, therefore, he refused letters of administration to H. L. O'Bannon. Both parties appealed from this decree. First, because the probate judge erred in deciding that James J. Braxton was not the brother of Jane R. Moody, deceased, and, second, because the probate judge erred in refusing to grant letters of administration on the estate of Jane R. Moody, deceased, unto James J. Braxton.

The petitioner, Jesse T. Gantt, appealed from said decree, because the probate judge erred in holding that court had no jurisdiction to consider the matter of escheat, and refused letters of administration on the estate of Jane R. Moody, an alleged bastard, unto H. L. O'Bannon.

When the questions raised by the appeal were before his Honor, R. O. Purdy, the said James J. Braxton moved that the following issue be submitted to a jury for trial: "Was James J. Braxton a brother of the deceased, Jane R. Moody?" The Circuit Judge "ordered this issue for trial, and also ordered that on the trial of this issue, the testimony taken heretofore *de bene esse* and such testimony as has been agreed to be used on appeal, may be used, as well as any other testimony which may be offered at the trial." From this order the appellant, Jesse T. Gantt, appealed on the following grounds:

"First, because his Honor erred in not holding that before such order could be granted, a *prima facie* showing must be made by the moving party, that he was the brother of Jane R. Moody; whereas, his Honor should have held that no showing whatever was made by the respondent, J. J. Braxton, that he was the lawful brother of Jane R. Moody." We are unable to sustain this ground of appeal. The question underlying the rights of the parties to this controversy is, Was James J. Braxton the brother of Jane R.

Moody? To be considered a brother, it was necessary, of course, that he should be a legitimate brother. No necessity existed that a *prima facie* showing of the affirmative of this question should be first established. This exception is overruled.

"Second. Because his Honor erred in not holding that the evidence submitted and offered by the respondent, J. J. Braxton, showed that Jane R. Moody was a bastard, and that, therefore, she could not have any lawful brother or heir at law; whereas, his Honor should have held that the overwhelming evidence contained in the moving papers of respondent, J. J. Braxton, showed that Jane R. Moody was a bastard child of Sally Braxton, the mother of said J. J. Braxton." The Circuit Judge did not hold, as herein complained of. He found that all these things were involved in the issue of fact, which he referred to a trial by jury. Such being the conclusion of the Circuit Judge, he could not have so decided when he ordered that issue to be tried by a jury. This exception is overruled.

"Third. Because his Honor erred in not holding that the evidence offered in this proceeding in the probate court by J. J. Braxton, showed that Jane R. Moody was a bastard; whereas, his Honor should have held that the preponderance of the evidence introduced before the probate court by J. J. Braxton and by him used in his moving papers herein, showed conclusively that Jane R. Moody was a bastard, and as such bastard could not have any lawful brother." The Circuit Judge was evidently unwilling to pass upon any such issue of bastardy; he sought to have this issue tried by jury. We overrule this exception.

"Fourth. Because his Honor erred in not holding that the Circuit Court had only appellate jurisdiction of the proceedings herein from the probate court, and the respondent, J. J. Braxton, based his motion alone upon the proceedings had in the probate court, and that the evidence shown thereby was neither contradictory nor doubtful; whereas, his Honor should have held the whole record from the probate court,

relied upon by J. J. Braxton, proved conclusively that Jane R. Moody was a bastard, and that the testimony was neither doubtful nor contradictory, and he should have decided the issues raised by the said J. J. Braxton in his appeal herein from the probate court, without referring the said issue to a jury." The 60 section of the Code of Procedure of this State, lays down the rule to govern the hearing of appeals in the Circuit Court from a judgment rendered by the probate court: "Any question of fact * * * to be decided, issue may be joined thereon under the direction of the Court, and a trial thereof had by jury." *Stewart* v. *Blease,* 4 S. C., 37; *Ex parte White,* 33 S. C., 442, 12 S. E., 5; *Ex parte Apeler,* 35 S. C., 417, 114 S. E., 931. In the case last cited, at page 421, it is distinctly held that the Court of Common Pleas has the right, except in matters for the recovery of money only or of specific, real or personal property, to frame an issue of fact and send it to a jury for trial. The case or proceedings, as filed by the probate court in the Court of Common Pleas, shows that the fact of the relationship of J. J. Braxton with the deceased, Jane R. Moody, was a question of fact upon which issue the decision in this case would turn. There was a serious conflict in the testimony involved here. We do not see that there was testimony offered which would conclusively show that Jane R. Moody was a bastard and that the testimony on this subject was neither doubtful nor contradictory. This exception is overruled.

"Fifth. Because his Honor erred in not holding that the issue asked for by J. J. Braxton to be referred to a jury could only be granted in case the evidence was contradictory, conflicting or evenly balanced as to said J. J. Braxton being a brother of Jane R. Moody; whereas, his Honor should have held that the evidence offered by J. J. Braxton in support of his motion was neither contradictory nor so nearly balanced nor so conflicting as not to render it necessary to refer said issue to a jury to decide said question of fact." Whatever the trial Judge held necessary to raise the issue

of fact for trial by jury, is included in his order for said trial. We have already passed upon this ground of appeal. It is, therefore, overruled.

"Sixth. Because his Honor, committed an abuse of his discretion in referring to a jury the issue, 'was J. J. Braxton a brother of Jane R. Moody?'" We are unable to see the abuse of discretion herein involved. This exception is overruled.

It is the judgment of this Court, that the order appealed from be sustained.