### 8386

#### BRIGGS v. CALDWELL.

1. WILLS.—The order submitting a special "issue" to the jury in the Circuit Court on the issue of will or no will on appeal from probate court held to have been made under the discretion of the Judge and not error.

2. IBID.—The trial on Circuit of the issue of will or no will on appeal from probate court is a trial *de novo*. Whether special issues are submitted or not, evidence taken in the probate court cannot be looked to to determine if the question to be determined in the Circuit Court be of law or of fact.

Before RICE, J., Clarendon, January, 1912.    Affirmed.

Proceeding in probate court to prove will of E. M. Briggs in solemn form. Contestants appeal from the following order made on Circuit on appeal from probate court:

"This matter comes before me upon exceptions to the decree of the judge of probate of Clarendon county, the whole record before the probate court having been certified up to this Court as required by the Code. It appears that proceedings were instituted under the statutes to have the will of the late Mrs. Elizabeth M. Briggs proven in solemn form, it having been admitted to probate in common form,

and upon such hearing the judge of probate refused to admit the said will to probate, holding that the paper writing propounded as the last will and testament of Mrs. Elizabeth M. Briggs was no will, the main ground upon which the judge of probate appears to have rested his decision being that the will was not attested by the witnesses in the presence of the testatrix.

"While there are a number of exceptions they all practically raise the one question of fact, as to whether the witnesses did attest the will in the presence of the testatrix or not. The proponents of the will, who are the appellants before me (ask for) a trial *de novo* before a jury of this question of fact. Contestants contending it was only a law question and opposed a trial before a jury.

"Under Rule 28 of the Circuit Court the appellants served the contestants with notice of a motion before me for an order proposing the following issue: 'Is the paper propounded as the last will of Mrs. E. M. Briggs her will, and was it executed with all the requirements of law?'

"This motion was heard by me along with the appeal after the call of calendar No. 3.

"The contestants proposed no other issue and the said proposed issue appears to me to cover the questions proper to be submitted to the jury; now, on motion of Messrs. Davis & Weinberg, Lee & Moise, and Smythe & Frost, attorneys for the proponents,

"It is ordered that the following issue be, and the same hereby is, submitted to a jury of Clarendon county: 'Is the paper propounded as the last will of Mrs. E. M. Briggs her will, and was it executed with all the requirements of law?'

"It is further ordered and adjudged that the above stated cause be transferred to calendar No. 1 of this Court and be set down for trial of the above stated issue by a jury in its due order during the trial of civil cases next week."

*Messrs. Charlton DuRant* and *J. J. Canty,* for appellants.

*Messrs. Davis & Weinberg, Smythe & Frost* and *Lee & Moise,* contra. *Messrs. Davis & Weinberg* and *Lee & Moise,* cite: 4 S. C. 44; 33 S. C. 442; 5 S. C. 41; 16 S. C. 40; 17 S. C. 32; 35 S. C. 417; 9 S. C. 271; 67 S. C. 55; 74 S. C. 189; 82 S. C. 40; 86 S. C. 487; 75 S. C. 364; 12 Rich. 143; 1 Speer 253; 5 Rich. 212; 29 Ency. 199-202, 203-4; 9 Rich. 133.

December 5, 1912.    The opinion of the Court was delivered by

MR. JUSTICE FRASER. This was a proceeding to prove the will of Mrs. E. M. Briggs in solemn form. The probate judge found against the will and refused to admit the paper to probate. The proponents of the will appealed to the Circuit Court and gave notice of issues to be submitted to a jury. The order was made submitting to the jury the question proposed, which was as follows:

"Is the paper propounded as the last will of Mrs. E. M. Briggs her will, and was it executed with all the requirements of law." From this order the contestants appealed to this Court upon four exceptions.

First Exception. "That his Honor erred, it is respectfully submitted, in deciding that he was without discretion upon an appeal from a finding of no will by the probate court, but held that as a matter of right the proponents of the will were entitled to a trial *de novo* before a jury, to decide the facts entirely irrespective of what evidence had been presented on the trial in the probate court."

It will be seen from reading the order (let the order be reported) that there is nothing in the order from which it is to be inferred that the order was granted as a right and not as a matter of discretion. We can not, therefore, hold that his Honor erred, even if the matter was discretionary, and this exception is overruled.

Second Exception. "That his Honor erred, it is respectfully submitted, in not hearing the appeal without a jury."

Even if the granting of the order was within the discretion of the Circuit Judge no abuse of discretion has been shown. This exception is overruled.

Third Exception. "That his Honor, the Circuit Judge, erred, it is respectfully submitted, in ordering that the question, 'Is the paper propounded as the last will of Mrs. E. M. Briggs her will and was it executed with all the requirements of law?' be submitted to a jury as an issue of fact; whereas, it is respectfully submitted, that there is no issue of fact involved, as the testimony is conclusive that the instrument was attested out of the presence of the said E. M. Briggs by the subscribing witnesses, and only questions of law are presented by the appeal, and hence should be heard by the Court without a jury."

The trial in the Circuit Court on appeal where issues are submitted to a jury is a trial *de novo.*

*Prater* v. *Whittle*, 16 S. C. 45 : "'The relation of the probate judge to the case was in no way analogous to that of a reference appointed to hear and determine issues referred. Upon appeal from the probate court, on a question of will or no will issues of fact are tried *de novo* in the Circuit Court." See, also, *Ex parte Jackson*, 67 S. C. 59, 45 S. E. 132.

The evidence, therefore, taken in the probate court can not determine whether the questions to be determined in the Circuit Court will be questions of law or fact. This exception is overruled.

Fourth Exception. "That his Honor erred, it is respectfully submitted, in holding under the facts in this case that the proponents in this case were entitled to a jury trial of the issues as to whether there was a will or no will."

This exception is based upon a misapprehension of the terms of the order and is overruled, for the reason stated under the first exception.

The judgment of this Court is that the order appealed from is affirmed.