13127

## JOHNSON v. JOHNSON
## IN RE: JOHNSON'S ESTATE

(158 S. E., 264)

September, 1930.

*Messrs. Dargan & Paulling,* for appellant,

*Messrs. Samuel Want* and *Melvin Hyman,* for respondents,

April 21, 1931.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

On December 31, 1926, Mrs. Ellen Johnson, a resident of Darlington County, died, leaving an instrument in writing which had been executed by her on February 27, 1926, and which purported to be her last will and testament. Under its provisions, her husband, Joseph W. Johnson, took her entire estate, except the sum of $500.00 given to McKinley Johnson, her son by a former marriage. Proceedings were instituted in the Probate Court of Darlington County to have the alleged will proved in solemn form. McKinley Johnson, the contestant, attacked the validity of the instrument upon four grounds:

"(1) That the same was signed by the testatrix as the result of fraudulent representations made to her as to the subject and contents and effects of the instrument;

"(2) That the will was signed by the testatrix when she was in such physical and mental condition as to be incapable of executing a valid deed or contract;

"(3) That the will was not signed by the testatrix voluntarily but that she was constrained, induced, and persuaded to execute the same as a result of undue influence practiced upon her by other persons;

"(4) That the will was executed by the testatrix under duress exerted upon her by means of threats, importunities, and abusive treatment calculated and intended to weaken her will."

On April 15, 1930, the Judge of Probate filed his decree, holding that the evidence did not sustain the charges made in the first and second specifications, and overruled these two grounds of attack. However, he sustained the contention of the caveator that, because of her mental and physical condition at the time of the execution of the will and prior thereto, Mrs. Johnson was susceptible to importunities and persuasion, and that she was, in her weakened condition, subjected to the influence of others to such an extent as to prevent the execution of the instrument from being her free and voluntary act. From this decree, the executor, as proponent of the will, appealed to the Court of Common Pleas, making the following exception: "That his Honor, the Judge of Probate, erred in holding that the will of Ellen Johnson, deceased, is invalid and of no legal force and effect for the reason that it was not her free and voluntary act but was procured by undue influence, such conclusion and finding being unsupported by the evidence and contrary to the overwhelming weight thereof."

The contestant filed no exception to the decree and gave no notice that he would ask that it be sustained on any additional grounds. A certified copy of the record of the proceedings and notice and grounds of appeal were duly filed in the Circuit Court by the appellant in accordance with the requirements of Section 188 of the Code of Civil Procedure. Subsequently, his attorneys served upon the attorney for the respondent a notice that they would move before his Honor, Judge Dennis, for an order providing that the following issue be submitted to the jury on trial of the case in the Court of Common Pleas: "Was Mrs. Ellen Johnson induced to execute the instrument in question by such influence as to overcome or destroy her free will and make the instrument the expression, not of her purpose, but that of some other person?"

In due time thereafter, the respondent's attorney served notice upon the attorneys for the appellant that he would

move before Judge Dennis for an order providing that the following issues, as counter issues to the one proposed by them, be submitted to the jury on trial of the cause in the Circuit Court:

"1. Did Mrs. Ellen Johnson have sufficient mental capacity to execute a valid will at the time of signing the paper writing in question, which was heretofore probated in common form by the Judge of Probate for Darlington County?

"2. Was the paper writing signed by Mrs. Ellen Johnson, which was heretofore probated in common form by the Judge of Probate for Darlington County, signed by her under duress exerted upon her by other persons, thereby causing her to execute the said instrument without any purpose, desire, or intention so to do?

"3. Did Mrs. Ellen Johnson sign the paper writing, which was heretofore probated in common form by the Judge of Probate for Darlington County, as a result of fraudulent representations made to her as to the subject and contents of said instrument, which said fraudulent representations were made to her for the purpose of inducing her against her will and without her knowledge to devise practically all of her property to her husband, Joseph W. Johnson?

"4. Is the paper writing signed by Mrs. Ellen Johnson, which was heretofore probated in common form by the Judge of Probate for Darlington County, her will, or is it not her will?"

Upon hearing of these motions, appellant objected to submission to the jury of any issues except the one proposed by him. Judge Dennis, without stating any specific reason for his holding, ordered the case to be tried before a jury of the Court of Common Pleas for Darlington County upon the issue proposed by the caveatee, and upon the issues numbered 1, 3, and 4, proposed by the caveator. From this order, the executor, Joseph W. Johnson, appeals to this Court.

The sole question presented for our consideration is, Did

Judge Dennis err in granting an order for submission to a jury issues other than that made by appellant's exception?

The statutory provisions applicable and governing in the matter of appeals from the Probate Court to the Circuit Court are contained in Section 187 *et seq.,* of the Code of Civil Procedure of 1922 and in Section 5353 of Code 3:

"Sec. 187. Any person interested in any final order, sentence, or decree of any Probate Court, and considering himself injured thereby, may appeal therefrom to the Circuit Court in the same county, at the stated session next after such appeal. The grounds of appeal shall be filed in the office of the Probate Court, and a copy thereof served on the adverse party, within fifteen days after notice of the decision appealed from."

"Sec. 188. The person appealing shall procure and file in the Circuit Court to which such appeal is taken a certified copy of the record of the proceedings appealed from, and of the grounds of the appeal filed in the Probate Court, together with the proper evidence that notice has been given the adverse party according to law."

"Sec. 190. When such certified copy shall have been filed in the Circuit Court, such Court shall proceed to the trial and determination of the question, according to the rules of law; and if there shall be any question of fact or title to land to be decided, issue may be joined thereon under the direction of the Court, and a trial thereof had by jury."

"Sec. 5353. In all trials upon appeals from the Probate Court, in which the question of will or no will is in issue, the executor or parties propounding the will shall be admitted to open the case, and to reply in evidence and argument." (Civ. Code, 1922.)

Rule 28 of the Circuit Court, which is applied in the matter of framing issues on appeals from the Probate Court, is as follows: "In equity cases where a trial by jury of issues of fact may be desired, the party desiring a jury trial shall within ten days after issue joined give notice in writing

of his intention to move the Court, upon the first day of the next term, immediately after the call of Docket No. 3, for an order requiring that the whole issue of certain specified questions of fact involved be tried by a jury. With the notice of motion shall be served a copy of the questions of fact proposed to be submitted to the jury for trial and in proper form to be incorporated in the order. (If the adverse party desires to submit any other issue of fact to the jury, he shall within four days from the service of such motion upon him notify the party giving the notice, in writing, of his intentions to move the Court, at the same time, to submit certain issues to the jury for trial, specifying the issues.)"

While the exact question here presented has not been expressly decided by this Court, it is well settled by our decisions that, "upon appeal from the Probate Court, on a question of will or no will, issues of fact are tried *de novo* in the Circuit Court" (*Prater v. Whittle,* 16 S. C., 40; *Ex parte Jackson,* 67 S. C., 55, 45 S. E., 132; *Myers v. O'Hanlon,* 12 Rich. Eq., 196) ; that such appeal is in the nature of a special proceeding; and that it is not within the discretion of the Court to refuse either party such mode of trial, where issues of fact are involved as to the validity of a will, if the right to such trial has not been waived by failure to claim it "within the time or in the manner provided by law" (*Meier v. Kornahrens,* 113 S. C., 270, 102 S. E., 285, 287).

It was said by the Court in the *Myers case, supra:* "Upon the trial of such issues the same rules of evidence, mode of examination, and forms of procedure, are observed as on the trial of original causes in that Court. In truth, the validity of contested wills is tried and determined practically in the Court of Common Pleas. The primary decree of the ordinary in such controversies is regarded by the parties as comparatively immaterial. It is upon the appeal to the law Courts that the actual contest, the substantial trial, really occurs."

In *Meier v. Kornahrens, supra,* the Court held that the words of Rule 28, "after issue joined," must be construed to mean "when the issue on appeal is joined," and stated, in the same connection, that "the issues on appeal are made by the exceptions, or grounds of appeal, and they determine whether the issues will be of law or of fact." But, in defining the proper practice under the rule to be followed by one desiring a trial by jury, the Court pointed out: "As provided in the rule, either party may, within four days after the service of his opponent's notice upon him, give notice that he will ask for additional issues."

It would seem, therefore, that, while the exceptions, in the first instance, make the issues on such appeal, the adverse party has the right under the rule, "if he desires to submit any other issues of fact to the jury," to apply for an order—which the Court may grant, if proper—framing additional issues of fact to be submitted at the same time to the jury on trial of the case, although he did not himself appeal or ask that the judgment be sustained upon additional grounds. We therefore find no errors as complained of.

The order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, CARTER and BONHAM concur.