## *EX PARTE* WHITE.

1. Pending an appeal in the Circuit Court from a decree of the Probate Court refusing to revoke letters of administration previously granted, the presiding judge, without hearing the case on appeal, granted a motion remanding the cause to the probate judge for further hearing, with leave to take further testimony upon a question of fact. *Held*, that this order was erroneous, because the matter being originally within the exclusive jurisdiction of the Probate Court, the Court of Common Pleas had only appellate jurisdiction, and was limited to a review of the case as developed in the court below, no application having been made to the Circuit Court for the trial of any issue by a jury.
2. This order was not an order for a new trial in the Probate Court, and if so, it was erroneous, because made without a hearing of the case on appeal.
3. *Twitty* v. *Houser*, 7 S. C., 153, overruled upon this point. It is the duty of the Supreme Court to overrule a former decision which is clearly erroneous and likely to lead to evil results, especially where it establishes no rule of property and is not otherwise entitled to be adhered to under the wholesome doctrine of *stare decisis*.
4. Where it is the duty of the Circuit Court to hear an appeal, an order remanding the cause for further testimony, without such hearing, denies to the appellant a substantial right, and is therefore appealable.

Before WALLACE, J., Colleton, June, 1889.

This was a petition by Georgiana White, *in re* the estate of Thomas M. Peeples, deceased. From the order of the Circuit Court made on motion at the hearing of an appeal in that court from a decree of the Probate Court dismissing this petition, the appeal comes to this court on the following grounds taken by the

defendant: I. Because his honor had no jurisdiction at chambers to grant the said order. II. Because the Circuit Court was without jurisdiction to grant such order. III. Because his honor, Judge Wallace, not having heard the testimony, could not determine that additional testimony was necessary to the decision of issues in the cause. IV. Because, if the respondent seeks relief on account of her inadvertence or excusable neglect, the application in the first instance must have been to the Probate Court. V. Because it was error in the Circuit Judge on appeal to order additional testimony to be taken by the probate judge, upon which to ask the Circuit Court to reverse the judgment of the Probate Court for error, the force and effect of such testimony not to be considered by the Probate Court.

The case was heard in this court at the November term of 1889, after which an order was passed directing a re-argument "as to whether the case of Twitty *v.* Houser, in so far as it applies to the point raised by this appeal, shall be allowed to stand as an authority." Such re argument was had on May 29, 1890.

*Messrs. Howell, Murphy & Farrow*, for appellant.

*Mr. Charles Boyle*, contra.

October 20, 1890. The opinion of the court was delivered by

MR. JUSTICE McIVER. Inasmuch as the question presented by this appeal does not involve any of the questions raised by the pleadings, but only involves the validity of a preliminary order, it will not be necessary to make so full a statement of the facts as would otherwise be proper. We will therefore confine ourselves to a statement of so much as may be necessary for a proper understanding of the question raised by this appeal.

The proceeding was originally commenced in the Court of Probate for Colleton County, by petition filed by Georgiana White, asking that letters of administration on the personal estate of Thomas M. Peeples, previously granted to one Roland W. Peeples, be revoked, and administration committed to petitioner. This demand was based upon the following allegations substantially: that the said Thomas M. Peeples died intestate, leaving

as his only heirs at law his daughter, the petitioner, and certain grandchildren, who are the children of a deceased son; that the petitioner was, at the time of her father's death, detained at home by sickness, and without her knowledge or consent the said Roland W. Peeples falsely and fraudulently representing that he was a legitimate son of the intestate, applied for and obtained letters of administration upon his estate; and that as soon as she learned that such letters had been granted and was able to leave her home, she, under the advice of counsel learned in the law, filed her petition for the purposes above stated.

These allegations being denied by said Roland W. Peeples, the case was heard by the judge of probate, who found, as matter of fact, that the petitioner was duly notified of the application of Roland W. Peeples for letters of administration, and petitioner not only acquiesced in but approved of such application; that Roland W. Peeples was not guilty of the slightest fraud on the court in obtaining said letters; that the intestate was married to his first wife, the mother of the petitioner, but there was no evidence whatsoever where, or in what State, such marriage was celebrated; that the fruit of this marriage was two children, the petitioner and one son, John Peeples; that about the year 1854 the intestate removed to the State of Florida and became domiciled there; that in the year 1857 the said Thomas M. Peeples obtained a divorce in the Circuit Court of Florida from his wife, who at that time resided in this State; that after said divorce was obtained Thomas M. Peeples married in the State of Florida one Sarah Ann Caller, and that the said Roland W. Peeples is the fruit of that marriage; that after the birth of said Roland, to wit, in the year 1860, the said Thomas M. Peeples returned to this State and continued to live here up to the time of his death.

Upon these facts the judge of probate found, as matter of law, that there was no ground for revoking the letters of administration previously granted to Roland W. Peeples; that, under the facts before him, Roland W. Peeples is the legitimate son of Thos. M. Peeples, "for, in the first place, there is no evidence to show that the first marriage of Thos. M. Peeples was celebrated in this State, and hence the *dicta* of the South Carolina judges,

holding that a marriage celebrated in this State cannot be dissolved save by the laws of this State, have no application to the case at bar;" that even if the proof had shown that the first marriage was contracted in this State, yet the decree of divorce in Florida dissolved that marriage, and hence the second marriage in the State of Florida was valid, and the issue thereof (Roland W. Peeples) was legitimate. He therefore rendered a decree dismissing the petition with costs. From that decree the petitioner appealed to the Circuit Court upon the several grounds set out in the record, one of which was in these words: "Because the probate judge erred in finding * * * that there was no evidence where or in what State Thos. M. Peeples was married to his wife Caroline, when he should have found that said marriage was solemnized in this State."

After the appeal was perfected, the petitioner gave notice that she would move his honor, Judge Wallace, at chambers in Beaufort, on a day named, "for an order to send the cause back to the probate judge, with leave to take testimony as to when and in what State the first marriage of Thomas M. Peeples was solemnized." Pursuant to this notice the motion was heard by Judge Wallace at chambers, but he reserved his decision, and upon the call of the case in the Circuit Court at Colleton, further argument was heard by the same judge, who presided at that court, and again reserving his decision, finally made the following order: "Upon the coming up of this cause for hearing, it being an appeal from the judge of probate's decree to this court, it is moved by Charles Boyle, attorney for petitioner, on the proceedings before the probate judge, filed in this court on appeal, that the said cause be sent back to the probate judge for further hearing, with leave to petitioner to take testimony as to what State or place the marriage of Thomas M. Peeples with his wife Caroline was solemnized in, and with leave also to the respondent to take such testimony on this point as he may see fit. This order is granted upon the authority of *Houser* ads. *Twitty*, 7 S. C., 153, which seems to decide the very question in issue here." From this order Roland W. Peeples appeals upon the several grounds set out in the record.

There is some controversy between the parties as to whether

the order appealed from was granted by the judge at chambers or by the Circuit Court, the appellant herein contending that it was a chambers order, and basing one of his grounds of appeal upon that view, while the respondent herein contends that the order was granted by the Circuit Court.   While it is not entirely clear which of these views is the correct one, yet as the order is entitled "In the Common Pleas," and its phraseology seems to indicate that it was granted by the court on the call of the case for hearing, we are inclined to adopt that view, especially as. it is the one most favorable to respondent herein.

The question, then, is whether the Circuit Court had jurisdiction to grant the order in question.   This case unquestionably was one involving solely a matter of administration, and was therefore under the express terms of the Constitution (art. IV., sec. 20), within the jurisdiction originally of the Court of Probate; but as the 15th section of article IV. of the Constitution confers "appellate jurisdiction in all such cases as may be provided by law" upon the Court of Common Pleas, and as section 55 of the Code provides that "the Circuit Court shall have appellate jurisdiction of all matters originally within the jurisdiction of the Probate Court," it is quite clear that the Court of Common Pleas had appellate jurisdiction in this case, and appellate jurisdiction only; for the Code, after providing the manner in which an appeal may be taken and perfected from a decree of the Court of Probate, expressly declares, in section 60, that when the certified copy of the proceedings in the Court of Probate has been filed in the Circuit Court, "such court shall proceed to the trial and determination of the question, according to the rules of law; and if there shall be any question of fact or title to land to be decided, issue may be joined thereon under the direction of the court, and a trial thereof had by jury."

In *Stewart* v. *Blease* (4 S. C., 44) this provision of the Code is construed to mean that where a case originally within the jurisdiction of the Court of Probate, has been heard there, and carried thence by appeal to the Circuit Court, the hearing in the latter court is strictly on appeal, except where an issue of fact or of title to land is to be decided, either party may apply to the Circuit Court for an order that such issue may be tried by a

jury. Speaking of such a case, Moses, C. J., in delivering the opinion of the court, says: "The hearing of the case in the Circuit Court is strictly on appeal (except as will be hereinafter referred to), limiting the presiding judge to a review of, and judgment on, the evidence taken below." The exception referred to is as to the right of either party to demand a trial by a jury of an issue to which such a right of trial attaches. This authoritative construction of the statute is, we think, correct. The theory of the act is that where a case originally within the jurisdiction of the Court of Probate is carried by appeal to the Circuit Court, the last named court can exercise only appellate jurisdiction. This is so from the very nature of the case, and is recognized by the language of the statute—"shall proceed to the trial and determination of the question according to the rules of law"—that is, according to the rules regulating the hearing of appeals. But inasmuch as there may be issues of which the parties are entitled to a trial by jury, and inasmuch as the Court of Probate is not provided with the means of affording such a mode of trial, provision is made that, in such a case, a party desiring it may obtain a jury by applying to the Circuit Court, which is provided with the means of affording such a mode of trial.

It is clear, therefore, that when this case was carried by appeal from the decree of the Court of Probate to the Circuit Court, the latter could only exercise appellate jurisdiction therein, there having been no application made to the Circuit Court for the trial of any issue by a jury. It is equally clear that, in granting the order now under consideration, the court did not exercise its appellate jurisdiction, which, according to *Stewart* v. *Blease, supra*, is limited "to a review of, and judgment on, the evidence taken below," and must be so from the nature of an appeal, which necessarily involves the idea of a review of the action of the tribunal from which the appeal is taken, for the purpose of ascertaining whether there is any error in such action, and excludes the idea of any original action, or the introduction of any new evidence, by the appellate tribunal. Accordingly it was held in *Stark* v. *Hopson* (22 S. C., 42), that where the Circuit Judge, while hearing an appeal from the Court of Probate, took into consideration and acted upon certain testimony, which,

in his opinion, had been erroneously ruled out by the Court of Probate, there was error ; because, as was said by Mr. Justice McGowan, speaking for the court, "So far as the rejected testimony was concerned, the Circuit Judge took original jurisdiction in the case, which we think was error. It was like taking in the appellate court new testimony which had never been before the Probate Judge, whose judgment was under review upon appeal.

Now, the order here in question does not purport to be, and is not in fact, based upon any error discovered in the decree or proceedings of the Court of Probate, after a review thereof by the Circuit Court, for it is stated in the "agreed Case" that "no testimony was read, and the motion was the original chambers motion heard in open court," and it is manifest from the terms of the order that its sole object was to enable the petitioner to supply certain testimony which the record, upon which alone the Circuit Court had any authority to act, did not contain, and it was based solely upon the authority of *Twitty* v. *Houser* (7 S. C., 153), which will be presently considered. There was no showing that the testimony sought to be supplied had, through inadvertence, accident, or other cause, been omitted from the certified copy of the proceedings in the Court of Probate, filed in the Circuit Court for the purposes of the appeal, and, on the contrary, it appeared from the decree of the judge of probate, which was a part of such record, that "there was no evidence whatsoever where or in what State said first marriage was celebrated." It is manifest that the sole purpose of the order, just as in *Twitty* v. *Houser*, was to enable the petitioner to furnish certain testimony which she had omitted to offer at the original hearing. For an appellate tribunal to grant such an order is so manifestly inconsistent with every proper conception of the office of an appeal that it cannot be sustained. Besides being entirely outside of the jurisdiction with which such a tribunal is invested, it would tend not only to encourage loose and careless practice, very detrimental to the orderly conduct of the business of the courts, but would efface the lines of distinction between original and appellate jurisdiction.

It is urged, however, by the counsel for respondent herein that the order appealed from may be regarded simply as an order for

a new trial, and, as such, clearly within the jurisdiction of the Circuit Court. We cannot so regard the order; for, as indicated above, the whole proceedings show that such was not its character. But even if it could be so regarded, having been made simply on the motion of one of the parties, without any review or consideration by the Circuit Court of the proceedings in the Court of Probate, it could not be sustained. When a case is carried by appeal from an inferior to a superior court, the successful party in the court below has a legal right to have the appeal heard and determined by the appellate tribunal, and there is error of law in depriving him of such right. He has a right to retain his judgment until some error has been found therein by the appellate tribunal. Hence even if it was possible for us to conclude that Judge Wallace granted an order for a new trial without any hearing or consideration of the merits of the appeal, such order could not be sustained, as it would amount to a denial of the substantial legal right of the appellant herein to have the appeal from the decree of the judge of probate heard and determined by the tribunal to which it was addressed.

The several cases cited by counsel for respondent herein, in which appellate tribunals have sent cases back for a new trial or for further hearing as to particular issues, are not in point; for in those cases the appellate tribunal first heard and considered the appeal, and not being satisfied of the correctness of the conclusion reached below, either as to the whole case, or as to some material issue involved therein, ordered a new trial or a further hearing: but we think it would be very difficult, if not impossible, to find any case, unless it be that of *Twitty* v. *Houser*, in which an appellate tribunal has undertaken to order a new trial or a further hearing, without first hearing and considering the appeal. This was not done in the present case, and Judge Wallace based his conclusion, evidently with some hesitation, solely upon the authority of the case of *Twitty* v. *Houser*, *supra*.

It only remains, then, to consider whether that case is in point, and if so, whether it should be permitted to stand as an authority, a re-argument having been ordered to afford counsel an opportunity to be heard on the last mentioned question. While there are some few points of difference between the case of *Twitty* v.

29—33

*Houser* and the present case, yet we must say that we agree with Judge Wallace that the principles decided by that case would be conclusive of this, if it is permitted to stand as authority. Indeed, that case went much further than this, for there the order appealed from was made by a Circuit Judge *at chambers* and *without notice*, although the language used by Chief Justice Moses, in delivering the opinion of the court, would seem to indicate that he regarded the order as made by the Circuit Court, after a hearing of the case on appeal. But as the order was sustained, and was in fact made by the Circuit Judge at chambers and without notice, the decision must be regarded as in favor of the validity of such an order. And if an order so made was valid, it would seem to follow that a similar order made by the Circuit Court would likewise be valid. While therefore Judge Wallace, not having the power to overrule that case, may have been justified in following it, yet when the question reaches a tribunal which is invested with such power, it seems to us that such power should be exercised when the former decision is not only clearly erroneous, but likely to lead to evil results, especially where such decision establishes no rule of property, and is not otherwise entitled to be adhered to under the wholesome doctrine of *stare decisis*. From what we have said above, we think it clear that the decision in that case is not only entirely erroneous, but is at variance with every just conception of the scope of appellate jurisdiction; and that, so from having been followed in any instance, is in conflict with at least two of the decisions of this court, *Stewart* v. *Blease* and *Stark* v. *Hopson, supra*. We feel no hesitation, therefore, in overruling so much of the decision in the case of *Twitty* v. *Houser*, 7 S. C., 153, as affects the question presented for our consideration in this case.

The respondent has made the point, in his argument here, that the order of Judge Wallace is not appealable, but inasmuch as we have seen that the effect of such order was to deny to the appellant a substantial legal right, the position cannot be sustained. *Blakely* v. *Frazier*, 11 S. C., 122.

The judgment of this court is, that the order appealed from be reversed, and that the case be remanded to the Circuit Court for such further proceedings as may be necessary.