## 10386

### MEIER v. KORNAHRENS ET AL.

(102 S. E. 285.)

1. JURY—DEMAND FOR JURY TRIAL ON APPEAL FROM DECREE REJECTING WILL SHOULD BE MADE WITHIN TIME FIXED BY EQUITY RULES.—Where the proponent of a will which was rejected by the probate Court appealed from the decree filed the transcript as required by Code Civ. Proc. 1912, sec. 66, the issues are made by the exception or grounds of appeal, and where respondents, the contestants, desire a jury trial of such issues, which trial is provided for by section 66, they should, in analogy to rule 28 of the Circuit Courts applicable to equity cases, give notice of desire for jury trial within 10 days after serving of the exceptions.

2. JURY—WHERE DEMAND FOR JURY TRIAL IS NOT MADE WITHIN TIME FIXED, COURT MAY REJECT SAME.—Where a party to an appeal from decree of the probate Court fails to serve notice of request for order framing issues for jury trial within the time required by rule 28 of the Circuit Court, the Court may hold that he has waived his right to move for issues and refuse on that ground to entertain motion.

3. WILLS—JURY TRIAL MAY BE GRANTED ON APPEAL FROM DECREE OF PROBATE COURT THOUGH REQUEST WAS NOT SEASONABLY MADE.—While the Court may deny request for jury trial on an appeal from a decree of the probate Court rejecting a will, on the ground that the motion to frame issues for jury was not made within the time prescribed by Circuit Court rule 28, applicable by analogy, the Circuit Court may, in the exercise of the discretion vested in it by Code Civ. Proc. 1912, sec. 225, allow framing of issues for the jury, or it may on its own motion without suggestion submit the issues to a jury.

4. JURY—JURY TRIAL IN PROCEEDINGS FOR ADMISSION OF INSTRUMENT TO PROBATE; "SPECIAL PROCEEDING."—A proceeding to prove a paper purporting to be a will is not a case of equitable nature, but is rather a special proceeding under Civ. Code 1912, sec. 3581, in which case either party desiring it has the right on appeal from decree of the probate Court to trial de novo by jury in the Circuit Court on any issue of fact raised on such appeal when the quesiton is will or no will.

5. WILLS—PRESUMPTION OF CORRECTNESS OF TRIAL COURT'S RULING AS TO SUBMISSION OF ISSUES.—Where the proponent of an alleged will appealed from a decree of the probate Court rejecting the instrument, and, though the contestant failed to move within apt time for the submission of issues to the jury, the Court granted the motion without stating any reason for doing so, it will be presumed in the appellate Court that the Circuit Court predicated its action upon legal grounds.

Before WILSON, J., Dorchester, Spring term, 1919. Affirmed.

Proceeding by Henry Meier, executor, to prove a paper purporting to be the will óf Mrs. Meta H. C. S. Rodenberg, deceased, opposed by J. N. Kornahrens and others. From a decree of the probate Court rejecting the alleged will, the executor appeals. From an order framing issues to be submitted to jury on hearing of the appeal, the executor appeals.

*Messrs. Logan & Grace,* for appellants, submit: *The appeal herein involves but one question and that is a question of practice, namely, when does the ten days commence within which must be served the notice of motion to refer issues to a jury on a question of will or no will on appeal from the Probate Court:* Code of Civil Procedure 1912, section 66; Constitution 1895, article V, section 15. *On appeal from*

the probate Court to the Court of Common Pleas, neither party, as a matter of right, is entitled to a trial by jury: 102 S. C. 156. The practice, as we understand it, under which a party on appeal from the probate Court to the Court of Common Pleas may have an issue submitted to a jury is to serve on the opposite party within ten days after the service of appeal the notice of motion to refer the particular issues to the jury: Circuit Rule 28; 35 S. C. 420; 14 S. E. 931; 5 S. C. 411; 16 S. C. 40; 17 S. C. 32; 33 S. C. 442; 12 S. E. 5; 4 S. C. 37; 67 S. C. 55. It is discretionary with the trial Court to send issues to a jury, but, in order to get before the Court at all the moving party must serve notice within the time required by Circuit Court rule 28: 93 S. C. 271.

*Messrs. Legare Walker* and *Whaley, Barnwell & Grimball,* for respondents, J. N. Kornahrens, J. N. K. Kornahrens, Jr., and Arnold W. K. Kornahrens, submit: That if ten days' notice is necessary the ten days run from issue joined under the direction of the Circuit Court. It has always recognized that the real trial in cases of will or no will is on Circuit, where a jury can be had and this method of trial is encouraged and followed: 12 Rich. Eq. (33 S. C. Eq.) 203; 16 S. C. 40; 67 S. C. 55. The procedure to secure submission of issues as a matter of right is under Circuit Court rule 28. The ten days cannot commence to run from issue joined in the Circuit Court: 67 S. C. 55. It would seem that if any proper written notice is given issues should be submitted: 35 S. C. 417; 67 S. C. 55, and cases cited therein. If the ten days' notice from date of issue joined required under rule 28 governs in cases of this nature, then it is clear that issue is not joined save under the direction of the Circuit Court, and that the time does not start to run under the rule until the date it is so joined: Vol. II of the Code, sec. 66. In Stewart v. Blease, 4 S. C. 37, no application was made for an issue to be joined on any question of fact. The parties are at liberty to raise new ques-

*tions never made before the probate Court:* 16 S. C. 40.
*This Court has never decided that the ten days contemplated*
*by the rule ran from the date of the service of the notice of*
*appeal from the probate Court:* 67 S. C. 55.   *The order was*
*within the discretion of the Court:* Code of Procedure, sec.
312 (276, Code of 1870) ; sec. 313 (277, Code of 1870) ; 5
S. C. 411; 17 S. C. 332; 35 S. C. 417; 93 S. C. 268.

February 23, 1920.

The opinion of the Court was delivered by MR. JUSTICE ·
HYDRICK.

The appellant, Meier, as executor thereof, sought to prove
a paper purporting to be the will of Mrs. Meta H. C. S.
Rodenberg, deceased, in the probate Court for Dorchester.
By decree, filed August 23, 1918, the Court rejected the
alleged will.   Meier gave due notice of appeal to the Circuit
Court, and on September 6, 1918, filed therein a certified
copy of the record from the probate Court, as required by
section 64 of the Code of Civil Procedure.   On January 3,
1919, respondents served notice on Meier of their intention
to apply to the Court for an order, framing issues to be
submitted to a jury on the hearing of the appeal.   Against
Meier's objection that the notice was not given within the
time allowed by law, the Court granted the order prayed
for by respondents, and that is the basis of the sole ground
of appeal to this Court.

Section 66 of the Code of Civil Procedure provides:
"When such certified copy (that required by section 64)
shall have been filed in the Circuit Court, such Court shall ·
proceed to the trial and determination of the ques-
tion, according to the rules of law; and if there
shall be any question of fact or title to land to be
decided, issues may be joined thereon under the direction
of the Court, and a trial thereof had by jury."

274                    MEIER v. KORNAHRENS.

—————————————————————————————————————————————
                    Opinion of the Court.                    [113 S. C.
—————————————————————————————————————————————

By the terms of that section, trial by jury on appeal of
issues of fact is not demandable as of right, but may be
allowed in the discretion of the Court; and, when allowed,
the issue is to be joined under the direction of the Court;
hence, the practice has prevailed, ever since the adoption of
the Code, for the party (appellant or respondent) who may
desire a trial by jury of any issue of fact on such appeals, to
move the Court, on due notice to the opposite party, for an
order framing such issues. *Ex parte Apeler,* 35 S. C. 417,
14 S. E. 931, and cases cited by the Court. The Code of
Procedure does not prescribe the time within which such
motion shall be made. But, as most of the issues of fact
arising on such appeals are issues in causes of an equitable
nature, by common consent of the bench and bar, rule 28 of
the Circuit Court has been applied to the framing of issues
on such appeals.

That rule provides that "In equity cases, where a trial by
jury of issues of fact may be desired, the party desiring a
jury trial shall, within ten days after issue joined, give notice
in writing of his intention to move the Court" for an order
framing such issues, and if the adverse party desires any
other issues to be submitted, he shall, within four days after
service of the notice upon him, serve notice that he will move
the Court at the same time for the submission of such addi-
tional issues as he may desire, and the Court may settle the
issues, if any are deemed necessary.

It appears from a glance at that part of the rule which is
above quoted that it was originally intended to apply to
equity causes pending in the original jurisdiction of the Cir-
cuit Court, in which the issue is joined, when the answer is
served, and, therefore, the time is specified in the rule within
which the notice of the several motions for issues must be
served. And while that rule was not originally intended to
apply to the framing of issues on appeals from the probate
Court, nevertheless, in the absence of any statutory pro-

vision, or other applicable rule, it has been applied in such cases ever since the adoption of the Code, and has served the purpose fairly well.

But, as far as we have been able to discover, this is the first case in which this Court has been called upon to decide the question: When is the "issue joined" within the meaning of the words of the rule, as applied to such appeal? Clearly, they do not mean when the answer is served in the probate Court, for, at that time, it cannot be known whether there will be an appeal, nor by which side; hence they must be costrued to mean when the issue on appeal is joined.

Now, the issues on appeal are made by the exceptions, or ground of appeal, and they determine whether the issues will be of law or of fact. Therefore the practice has been for the appellant, who desires a trial by jury, to give notice thereof under rule 28 at the time of serving his exceptions, or at any time within ten days thereafter, and for the respondent, if he desires such a trial, to serve his notice of motion therefor within ten days after service of the exceptions upon him, and, of course, as provided in the rule, either party may, within four days after the service of his opponent's notice upon him, give notice that he will ask for additional issues; and we hold that to be the proper practice.

It follows that, if either party fails to serve the notice within the time required by the rule, the Court may hold that he has waived his right to move for issues, and refuse, on that ground, to entertain his motion. But it does not follow that the Court may not entertain such motions from either side after the lapse of the time specified in the rule, in the exercise of the discretion vested in it by section 225 of the Code of Civil Procedure, or that the Court may not, thereafter, of its own motion, or at the suggestion of either side, submit issues to a jury for its own enlightenment. Such has ever been the practice in equity cases.

But this is not an equity case, nor does the appeal involve issues of fact arising out of a case of an equitable nature. *In re Solomon's Estate,* 74 S. C. 189, 54 S. E. 207; *Thames v. Rouse,* 82 S. C. 40, 62 S. E. 254; *Mordecai v. Canty,* 86 S. C. 470, 68 S. E. 1049. It is rather in the nature of a special proceeding under a statute (section 3581, Civil Code 1912), which, as uniformly construed by this Court (with the single exception of Apeler's case, *supra,* of which more hereafter), givess to either party desiring it the right to a trial *de novo* by a jury in the Circuit Court of any issue of fact raised on such appeal, when the question is "will or no will." See the case next above cited; also, *Ex parte Jackson,* 67 S. C. 55, 45 S. E. 132, and *Briggs v. Caldwell,* 93 S. C. 268, 76 S. E. 616. And it is not within the discretion of the Court to refuse either party that mode of trial, where the appeal involves issues of fact as to the validity of a will, provided, of course, that it be demanded by the service of notice of motion for such issues, as required by rule 28; for the right of trial by jury, as any other civil right, may be waived by the failure to claim it within the time or in the manner provided by law.

We say this to prevent any erroneous impression or misapprehension from what has been said hereinbefore with reference to the discretionary power of the Court to grant or refuse motions for the reference of issues to a jury in equity cases pending in the original jurisdiction thereof and on appeals thereto from the probate Court which involves issues of fact arising in cases of an equitable nature.

In Apeler's case, no legal notice of the application to the Court for the framing of issues was given, as required by the rule, and there were other errors and irregularities pointed out in the opinion which prejudicially affected the rights of the appellant; therefore, the judgment was right. But the Court went further than was necessary to the decision, and held that neither party had the right to a trial *de novo* by

jury in the Circuit Court, because the action was not one "for the recovery of money only, or specific real or personal property," according to the provisions of section 274 (now 312) of the Code of Procedure. In so holding, the Court evidently overlooked the fact that, while that section does provide that actions of the kind specified must be tried by jury, unless that mode of trial is waived, it does not declare that they are the only actions which must be so tried; or, else, it overlooked the fact that the case in hand was not technically an action, but a special proceeding under a statute which gave the parties the right to a trial by jury in the Circuit Court, if properly claimed. There are other cases than these specified in section 312, whether we call them actions or special proceedings, in which trial by jury is demandable as of right, as, for instance, proceedings in ejectment of tenants, and for the ascertainment of the compensation for rights of way, and others that need not be mentioned.

What we have said would be conclusive of the issue made by the appeal in favor of the appellant's contention but for the fact that the Court had the power, as above stated, to be exercised in its discretion, to relieve the respondents of the consequences of their failure to make their motion within the time prescribed by rule 28, as herein construed, and also the power of its own motion, or at the sugggestion of either party, after the lapse of the time prescribed by the rule, to refer the issues of fact to a jury. Having granted the order, without stating any reason for doing so, we must assume that the Court predicated its action upon legal grounds (*Stanford v. Cudd,* 93 S. C. 367, 76 S. E. 986), and affirm the order.

Affirmed.