20619

Evelyn T. PAYTON, Appellant, v. Daisy W. PAYTON and Gloria Payton Campbell, Respondents.

In re ESTATE of George A. PAYTON, Jr.
(241 S. E. (2d) 901)

*Anthony B. O'Neill* of Charleston, and *Lincoln C. Jenkins, Jr.,* of Columbia, *for Appellant,*

*Morris D. Rosen* and *I. M. Goldberg,* of Charleston, *for Respondents,*

February 23, 1978.

LEWIS, Chief Justice:

In the administration of the estate of George A. Payton, Jr., who died intestate in Charleston County on March 18, 1975, the Probate Court was called upon to determine the heirs-at-law. The real issue concerned the respective claims of appellant Evelyn T. Payton and respondent Elizabeth C. Payton that each was the lawful wife of the intestate. The finding of the Judge of Probate, that respondent Elizabeth C. Payton was the lawful wife and that there were four (4) children of that marriage, but respondent was barred of any right to inherit from the deceased because of her adulterous conduct, was affirmed on appeal to the circuit court. There was no appeal from the finding that respondent was barred of the right to inherit; and the sole issue now presented is whether the probate judge was in error in concluding that respondent was the lawful wife of the intestate. If she was, then the children would be legitimate and the sole heirs. We affirm.

The rather complicated marital life of the deceased is summarized in the Statement of the case:

George A. Payton, Jr., . . ., married one Elizabeth Cowart, in Harrison County, Alabama, on February 12, 1951.

There were four (4) children born of this marriage. In April 1957 and again in July 1962, George A. Payton commenced divorce actions against Elizabeth C. Payton, which actions were never completed. In 1963, Elizabeth C. Payton, a Florida resident, commenced a divorce action against George A. Payton, Jr., in Bay County Florida, which action resulted in a divorce decree dated November 13, 1963. Respondents contend, and the trial court so held, that this decree was void because George A. Payton, Jr., had no notice of the action or resulting decree. Appellant contends that the decree was valid and binding on the courts of this State.

On August 10, 1972, George A. Payton, Jr., obtained a decree of annulment from Evelyn T. Payton whom he had first married on April 26, 1958, the ground being that he was married [to Elizabeth C. Payton] at the time of the marriage to her. In November 1972, George A. Payton, Jr., filed a divorce action against Elizabeth C. Payton in the Family Court for Charleston County and obtained a decree of divorce. There was no evidence that Elizabeth C. Payton was ever served with process or had any knowledge of the proceeding.

In April 1973, George A. Payton, Jr., again married Evelyn T. Payton [the appellant in this action.]

The Statement agrees that the primary issue to be passed upon, in determining the marital status of the deceased, is "whether or not the alleged divorce decree obtained in Florida by Elizabeth C. Payton (respondent) in 1963 was and is a valid and enforceable decree." Of course, in our consideration of this appeal, we are bound by the settled principle that "the findings of fact by a probate court should not be disturbed unless they are manifestly erroneous." *Ex parte Blizzard,* 185 S. C. 131, 193 S. E. 633.

The finding of the Probate Court that the Florida Court was without jurisdiction to render the divorce decree in 1963 is sustained by the record and cannot be held to be clearly or manifestly erroneous. While it is in-

ferable from the decree that the deceased appeared in the action, respondent testified that the deceased had no notice of the proceeding. In addition, the record shows that the deceased, subsequent to the Florida decree, sought an annulment from appellant, Evelyn T. Payton, on the ground that he was married to respondent and later filed a divorce action against respondent. This testimony of respondent and conduct of the deceased tended to prove that the deceased had no actual or constructive notice of the Florida decree. The conclusion that the Florida decree was invalid due to lack of jurisdiction over the deceased is affirmed.

Appellant contends, however, that the circuit judge erred in refusing to consider certain records from the Florida divorce action, which were offered in evidence for the first time at the hearing of the appeal to the circuit court from the order of the probate judge.

During the hearing in the probate court, a copy of the Florida divorce was introduced into evidence by appellant's counsel. The decision of the probate judge was subsequently appealed to the circuit court and, at the hearing of the appeal before the circuit judge, appellant offered into evidence, for the first time, the proceedings in the Florida action. The circuit judge refused to admit the additional evidence and limited his review to a consideration of the evidence in the probate court. This was proper. The appeal from the probate court to the circuit court was governed by Section 18-5-50 of the 1976 Code of Laws, which provides:

When the return shall have been filed in the circuit court as provided in Section 18-5-30, the court shall proceed to the trial and determination of the question, according to the rules of law. If there shall be any question of fact or title to land to be decided, issue may be joined thereon under the direction of the court and a trial thereof had by jury.

There was no request for a jury trial in this case and, under our prior decisions construing the foregoing statute, the circuit judge was limited in his

review to the evidence taken before the probate judge and had no authority to take additional testimony. *Ex parte White*, 33 S. C. 442, 12 S. E. 5; *Sartor v. Fidelity and Deposit Company*, 160 S. C. 390, 158 S. E. 819.

We find no merit in the additional contention that "a court . . . has the incumbent duty to examine the record supporting a decree before deciding to refuse to accord it full faith and credit," even to the extent of examining and considering documents not introduced into evidence. No authority has been cited, and we have found none, for the proposition that a court has the duty to go beyond the record before it in determining the validity of the judgment of another State.

The further contention that respondent is estopped to impeach the Florida decree is not raised by any exception on appeal and, therefore, will not be considered.

The foregoing conclusions require dismissal of the appeal from the order settling the case for appeal.

The judgment is affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.