0554

Hazel P. MARTIN, Appellant, v. Mary Martin SKINNER, Roxie Martin Brown, and Martha Martin George, Respondents.

(335 S. E. (2d) 252)

Court of Appeals

*William G. Walsh,* Greenville, *for appellant.*

*Adam Fisher, Jr.,* Greenville, *for respondents.*

Heard May 22, 1985.

Decided Sept. 24, 1985.

BELL, Judge:

This is an action to prove a will in due form of law. On appeal from the judgment of the probate court, the circuit court found there was "no will." From that judgment the executrix appeals. We reverse and remand for trial in the circuit court.

Hazel P. Martin commenced this action, as executrix of the estate of the late Charles G. Martin, to prove that a document dated June 25, 1959, is the decedent's last Will and Testament. The decedent's heirs at law answered the petition, denying the signature on the document was Charles G. Martin's and alleging the Will to be a forgery.

After a hearing at which witness testimony was presented, the probate court entered a decree publishing and confirming the document as the decedent's Will. The heirs appealed the probate court's decree to the circuit court pursuant to Section 18-5-20, Code of Laws of South Carolina, 1976. No party gave notice of demand for a jury trial in the circuit court.

When the case was called in circuit court, the executrix attempted to present witness testimony to prove the Will. The circuit judge ruled she was not entitled to a trial *de novo* because she made no prior request for a *de novo* proceeding. Relying on *Payton v. Payton,* 270 S. C. 275, 241 S. E. (2d) 901 (1978), the circuit judge decided the case on the record made in the probate court without taking any evidence.

The heirs argue that by failing to demand a jury trial in the circuit court, the executrix waived her right to a trial *de novo* of disputed issues of fact. Accordingly, they maintain, the circuit judge correctly treated the case as one for appellate review only and properly confined himself to the record made in the probate court. The executrix, on the other hand, contends that where the issue is "will" or "no will," Code Section 18-5-50 grants a right to trial *de novo* in the circuit

court whether or not a jury trial is demanded. Therefore, she argues, the circuit court was bound to try the case the same as if it were before the court in its original jurisdiction.

Section 18-5-50 was originally enacted as Section 13 of Act No. 2781 of 1839, 11 Stat. at Large 47-48. Under the Act of 1839, the court of ordinary was given jurisdiction of the probate of wills and of other matters. This Act provided for appeals from the court of ordinary to the courts of law and equity, depending on whether the matter was cognizable in equity or at common law. The probate of a will was an action at law. *See In re Perry's Will,* 106 S. C. 80, 90 S. E. 401 (1916).

Section 13 of the Act of 1839 stated that, in appeals from the court of ordinary to the court of common pleas relating to a last will and testament, "if an issue of fact should be made up, the same shall be tried anew." The Supreme Court construed this provision to grant a right to trial as though the action were an original cause in the court of common pleas. *Myers v. O'Hanlon,* 33 S. C. Eq. (12 Rich. Eq.) 196, 204 (1861). As in other cases at law, the trial *de novo* could be "with or without a jury." *In re Solomon's Estate,* 74 S. C. 189, 54 S. E. 207 (1906). Whether the appeal raised an issue of fact triable *de novo* or an issue of law subject to review on the record made in the lower court was to be decided by the judge of common pleas based on the issues framed in the notice of appeal. *Mordecai v. Canty,* 86 S. C. 470, 68 S. E. 1049 (1910).

Under the Constitution of 1868 the court of ordinary was replaced by a probate court with jurisdiction in "all matters testamentary and of administration." *See* S. C. Const. of 1868, art. IV, Section 20. Pursuant to this constitutional provision, the General Assembly enacted legislation establishing the probate court and providing for appeals from the probate court to the circuit court. *See* Sections 1, 23, Act No. 33 of 1868, 14 Stat. at Large 76, 78. Section 28 of the Act of 1868 provided that all appeals to the circuit court "shall proceed to the trial and determination of the question according to the rules of law." *Id.,* at 79. This provision was held to carry forward the existing procedure for trial *de novo* under the Act of 1839 when the appeal to the circuit court was on an issue of fact relating to a will. *See In re*

*Solomon's Estate supra; Prater v. Whittle,* 16 S. C. 40 (1881).

In 1870, the legislature abolished the forms of action at common law and replaced common law pleading with code pleading. The courts of law and equity were merged and a uniform system of civil procedure was enacted. *See* Act No. 300 of 1870, 14 Stat. at Large 423.

The Act of 1870 reenacted the provisions of the Act of 1868 with respect to appeals from the court of probate to the circuit court. *Id.*, Section 55 *et seq.*, at 434-435. The jurisdiction of the circuit court was strictly appellate, unless a statute granted the right to trial *de novo. See Stewart v. Blease,* 4 S. C. 37 (1872); *ex parte White,* 33 S. C. 442, 12 S. E. 5 (1890). If trial *de novo* was granted by the statute, the circuit court was required to hear and determine the case as if it had original jurisdiction. *Prater v. Whittle, supra.* In cases contesting a will, the statute was held to grant a trial *de novo* on questions of fact in the circuit court. *In re Johnson's Estate,* 160 S. C. 158, 158 S. E. 264 (1931). However, if an appeal from the probate court raised dispositive questions of both law and fact, the circuit judge, in his discretion, could decide the legal issue without granting a trial *de novo. Mordecai v. Canty, supra.*

Where a right to trial *de novo* existed, the question of trial by jury became more complicated after a merger of law and equity. If appeal from the probate court was at law, a jury trial on disputed issues of fact was demandable of right unless waived. *Rollin v. Whipper,* 17 S. C. 32 (1881); *Meier v. Kornahrens,* 113 S. C. 270, 102 S. E. 285 (1920). It was not within the discretion of the court to deny either party such mode of trial where issues of fact as to the validity of a will were involved. *In re Johnson's Estate, supra.* If the appeal was in equity, trial by jury was discretionary with the circuit judge. *Meier v. Kornahrens, supra; Rollin v. Whipper, supra; Lucken v. Wichman,* 5 S. C. 411 (1874). In the absence of a governing statutory provision, Rule 28 of the Circuit Court Rules came to be applied as the procedure for demanding jury trial on appeal from the probate court. *See Meier v. Kornahrens, supra.* Failure to demand a jury trial in accordance with Rule 28 was deemed a waiver of the right to jury. *In re Johnson's Estate, supra.*

The parties could also waive the right to trial *de novo* by agreeing to submit the issue of "will" or "no will" to the circuit court on the record made in the probate court. *See Prater v. Whittle, supra.* In like manner, they might agree to waive trial in the probate court and submit the case for trial in the circuit court upon the certificate of the probate judge. *See Muldrow v. Jeffords,* 144 S. C. 509, 142 S. E. 602 (1928). However, these procedures were separate and distinct from waiver of jury trial under Rule 28.

The law as settled after the reforms of 1870 continues to govern procedure on appeal from the probate court to the circuit court today.[1] As a general rule, the jurisdiction of the circuit court in matters coming from the court of probate is strictly appellate and review is had on the record made in the probate court without additional evidence. *Payton v. Payton, supra.* However, when an appeal is taken from a decision of the probate court on the issue of "will" or "no will," the cause is transferred to the circuit court for a trial *de novo* of the factual issues as though it were an original cause in that court. *In re O'Neill's Estate,* 259 S. C. 55, 190 S. E. (2d) 754 (1972). In such cases, the appeal is in reality a special proceeding under the statute which affords the parties the right to a trial by jury in the circuit court, if properly claimed. *Id.* If no jury is demanded, the case is tried *de novo* by the circuit judge sitting without jury. *In re Solomon's Estate, supra.*

No notice of demand for trial *de novo* is required. "The case is transferred to the court of common pleas *for trial* upon the simple act of giving notice of appeal." *Muldrow v. Jeffords, supra,* 144 S. C. at 523, 142 S. E. at 606 (emphasis in the original). The statute itself gives "the right to appeal to the court of common pleas and there have the issue tried *de novo.*" *Id.* at 535, 142 S. E. at 610 (Blease, J., dissenting on other grounds).

In this case, the proper procedure to follow in the circuit court would have been first to determine if the appeal raises

[1] S.C.R. Civ. P., 74, effective July 1, 1985, provides that procedure on appeal to the circuit court from the judgment of an inferior court shall be in accordance with the statutes providing such appeals. Thus, the procedure on appeal from the probate court remains unaltered by the new rules of civil procedure.

an issue of fact. Since the genuineness of the testator's signature is in dispute, the issue on appeal is one of fact. *See Wilroy v. Halbleib*, 214 Va. 442, 201 S. E. (2d) 598 (1974); *Cross v. Grimes*, 184 Va. 926, 37 S. E. (2d) 1 (1946). In such a case, the statute gives the right to trial *de novo*.

Next the circuit court should have determined if the matter is at law or in equity. If it were in equity, then trial by jury would be discretionary even if demand had been made pursuant to Rule 28. In this case, the matter concerns probate of a will; therefore, the appeal was at law. *In re Solomon's Estate, supra.* Jury trial is demandable of right unless waived.[2] Here the parties waived trial by jury. Accordingly, the circuit judge should have tried the case *de novo* without a jury. His refusal to permit trial because neither side demanded a jury is reversible error.

*Payton v. Payton, supra,* on which the circuit judge relied, is not controlling because it involved an admitted intestacy, not a will contest. Moreover, the critical question in that case was the jurisdiction of a Florida court to grant a divorce decree. Jurisdiction is a question of law. *Bridges v. Wyandotte Worsted Co.*, 243 S. C. 1, 132 S. E. (2d) 18 (1963). Therefore, review on appeal from the probate court in that case was strictly appellate and was limited to the evidence taken before the probate judge. *See ex parte White, supra* (intestacy); *Sartor v. Fidelity and Deposit Company*, 160 S. C. 390, 158 S. E. 819 (1931) (accounting by guardian of minor). Here, of course, the question on appeal was "will" or "no will" and, therefore, the issues of fact were to be tried *de novo* in the circuit court. *In re O'Neill's Estate, supra*, 259 S. C. at 61, 190 S. E. (2d) at 756; *Muldrow v. Jeffords, supra*, 144 S. C. at 522-23, 142 S. E. at 606.

For the reasons stated, we hold the executrix was entitled to a trial *de novo* in the circuit court on the issue of "will" or "no will." Accordingly, the judgment of the circuit court is

---

[2] Circuit Court Rule 28 has been superseded by S.C.R. Civ. P., Rule 38(b) which requires a demand for jury to be made in writing within 10 days after service of the last pleading directed to an issue triable of right by a jury. In the case of appeals from the probate court to the circuit court, the new rule would require demand for jury to be made within 10 days after service of the grounds of appeal pursuant to Code Section 18-5-20. *Cf., Meier v. Kornahrens, supra.*

reversed and the cause remanded for trial in the circuit court.

Reversed and remanded.

SHAW and CURETON, JJ., concur.