1474

Edna EAGLES, Respondent v. SOUTH CAROLINA NATIONAL BANK, as Personal Representative of the Estate of Mary Thomas Davis, Appellant.

(392 S.E. (2d) 187)

Court of Appeals

---

*E. Windell McCrackin* of *McCrackin, Barnett & Richardson,* Myrtle Beach, *for appellant.*

*H. Ronald Stanley* of *Brown & Stanley,* Columbia, *for respondent.*

Heard Feb. 13, 1990.

Decided March 19, 1990.

GOOLSBY, Judge:

Edna Eagles brought this action in the probate court seeking a determination that a $13,000 bond that Eagles claims Mary Thomas Davis executed and assigned to her as a gift shortly before Davis' death is not part of Davis' estate and an order requiring South Carolina National Bank ("SCNB"), as the Davis estate's personal representative, to execute a bond power that would enable Eagles to have the bond transferred to her name. SCNB counterclaimed seeking a return of the bond to the estate. The probate court found in SCNB's favor and ordered Eagles to deliver the bond to SCNB. Eagles appealed to the circuit court. The circuit court reversed the probate court's order and entered judgment in Eagles' favor. SCNB appeals. The questions on appeal relate to appellate procedure, mental capacity, undue influence, and

the admissibility of certain evidence. We affirm.

Eagles worked for Davis, a stroke and cancer victim, for several months before Davis died. Eagles assisted Davis with her personal needs, ran errands for Davis, cashed checks for Davis, and took Davis places. In return, Davis paid Eagles $6.00 an hour. Davis entered the hospital on July 29, 1987, and died on August 5, 1987. Before her death, Eagles claims, Davis endorsed and gave her a $13,000 corporate bond. After Davis' death, Eagles asked SCNB to execute a bond power so that the bond could be transferred to her name. SCNB refused.

This action followed.

The probate court upheld SCNB's counterclaim and ordered Eagles to deliver the bond to SCNB. It found Davis lacked sufficient mental capacity to transact business during the time in question and, after finding a confidential relationship existed between Eagles and Davis, found Eagles failed to prove the absence of undue influence. In reaching its conclusion that the bond belonged to SCNB, the probate court disallowed in evidence the assignment appearing on the back of Plaintiff's Exhibit No. 1.

Eagles appealed to the circuit court by filing her grounds of appeal with the probate court and serving a copy thereof on SCNB. SCNB moved to dismiss the appeal because Eagles did not file a notice of appeal with the clerk of court within 30 days after Eagles received written notice of the probate court's order.

After overruling SCNB's motion to dismiss Eagles' appeal, the circuit court reversed the probate court's holding and held Eagles entitled to the bond. The circuit court found SCNB failed to prove, as it was required to do, Davis lacked sufficient mental capacity to make a valid gift of the bond to Eagles and, after finding a confidential relationship did not exist between Davis and Eagles, found SCNB failed to prove, as it was also required to do, Eagles used undue influence to acquire the bond. It also held the probate court improperly disallowed the bond assignment in evidence.

## I.

SCNB contends the circuit court erred in not dismissing Eagles' appeal because Eagles did not file with the Clerk of Court of Common Pleas, as it argues Rule 74 of the South Carolina Rules of Civil Procedure[1] required her to do, a notice of appeal within 30 days after written notice of the probate court's order. The circuit court found no merit to this contention. Neither do we.

Section 62-1-308 of the South Carolina Code of Laws (1987),[2] governs appeals from the probate court to the circuit court. *Bishop v. Battle*, 296 S.C. 512, 374 S.E. (2d) 497 (1988). Nowhere does it require the filing of a "notice of appeal." All the statute requires an appellant to do is to file "grounds of appeal" in the probate court and to serve a copy thereof on the adverse party within 15 days "after [the appellant] shall have received notice of the decision appealed from." Eagles strictly complied with Section 62-1-308.

Nothing in Rule 74 requires, as SCNB contends, an appellant to serve a notice of appeal; rather, the rule merely prescribes the time and procedure for filing a notice of appeal where a notice of appeal is otherwise

---

[1] Rule 74 provides in part:

> *Except for the time for filing the notice of appeal, the procedure on appeal to the circuit court from the judgment of an inferior court . . . shall be in accordance with the statutes providing such appeals.* Notice of appeal to the circuit court must be served on all parties within thirty (30) days after receipt of written notice of the judgment, order or decision appealed from. In all such appeals the notice of intention to appeal shall be filed with the clerk of the court to which the appeal is taken and with the inferior court . . . within the time provided by the statute, or by this rule when no time is fixed by statute, for service of the notice of intention to appeal. The proceedings in the circuit court shall be in accordance with these rules. . . . [Emphasis ours.]

[2] Section 62-1-308 of the South Carolina Code of Laws provides in part:

> *Appeals from the probate court* shall be *to the circuit court* and *shall be governed by the following rules:*
> (a) Any person interested in any final order . . . of any probate court . . . may appeal therefrom to the circuit court. . . . The *grounds of appeal* shall be filed in the office of the probate court and a copy thereof served on the adverse party within fifteen days after such person shall have received notice of the decision appealed from.
> (b) Within thirty days after the *grounds of appeal* shall have been filed in the office of the probate court . . . the probate court shall make a return to the appellate court of the testimony, proceedings, and judgment and file it in the appellate court. . . .

required. *See* S.C.R. CIV. P. 74 and 75 notes ("These Rules 74 and 75 are added to make uniform the procedure on appeals to the [c]ircuit [c]ourt where there is no provision by statute. They do not replace any provisions as to appeals in Title 18 of the Code, [the title containing the statutes that governed appeals from the probate court until their repal by 64 STAT. Act No. 539 § 2 at 3976 (1986),] or other statutes providing for appeals from administrative decisions. . . .").

## II.

SCNB next contends the circuit court erred in reversing the probate court's holding that Davis "did not possess mental capacity sufficient to transact business while she was in the hospital from July 29, 1987, until her death on August 5, 198[7]."

The circuit court held "there was no testimony before the Probate Judge upon which she could make a finding that [Davis] was not mentally competent" and found SCNB "failed to carry its burden of establishing lack of mental capacity on [Davis'] part . . . ."

When an appeal is made to the circuit court from an order of the probate court, the circuit court must determine "the appeal according to the rules of law." S.C. CODE ANN. § 62-1-308(d) (1987); *cf. id.* § 18-5-50 (1976), *repealed*, 64 STAT. Act No. 539 § 2 at 3976 (1986) (former statute requiring the circuit court in an appeal from the probate court to determine "the question, according to the rules of law."). The hearing conducted by the circuit court "shall be strictly on appeal and no new evidence shall be presented." *See id.* § 1 reporter's comments at 3473 ("Under Section [62-]1-308(d), any appeal from the probate court is strictly on the record."); *cf.* S.C. CODE ANN. § 18-5-50 *supra* ("If there shall be any question of fact or title to land to be decided [in an appeal from the probate court to the circuit court], issue may be joined thereon under the direction of the court and a trial thereof had by jury."); *Martin v. Skinner*, 286 S.C. 527, 531, 335 S.E. (2d) 252, 255 (Ct. App. 1985) ("As a general rule, the jurisdiction of the circuit court in matters coming from the court of probate is strictly appellate and review is had on the record made in the probate court without additional evidence."). The term "according to the

rules of law," as used in Section 62-1-308(d), means according to the rules regulating appeals. *Ex parte White*, 33 S.C. 442, 12 S.E. 5 (1890).

An important rule regulating any appeal is, of course, the rule concerning the standard of review the circuit court, sitting as an appellate court, must apply in a given case. In the absence of a statute prescribing a different standard of review, the circuit court in reviewing a final order of the probate court must apply the same standard of review that either this court or the Supreme Court would apply in the case. *See Karl Sitte Plumbing Co., Inc. v. Darby Development Co. of Columbia, Inc.*, 295 S.C. 70, 367 S.E. (2d) 162 (Ct. App. 1988) (the circuit court must apply the same standard of review to an appeal from the master as the appellate courts would apply).

The essential character of the cause of action alleged by Eagles and the relief it seeks, as manifested by her petition, determines whether her action is legal or equitable. *See Alford v. Martin*, 176 S.C. 207, 180 S.E. 13 (1935) (the character of an action is determined by the main purpose of the complaint and not by incidental allegations). Because the essential nature of Eagles' action is grounded on equitable rights and the action is one in which equitable relief is sought, we regard the case as equitable. *See City Nat. Bank & Trust Co. v. Conrad*, 416 P. (2d) 942 (Okla. 1966) (declaratory judgment action seeking to determine ownership of investment share account registered in the name of the deceased and the defendant viewed as equitable action); *Callanan v. Powers*, 199 N.Y. 268, 92 N.E. 747 (1910) (action to compel a corporation to do something that it ought to do viewed as equitable). Being an equity case, the circuit court, sitting as an appellate court, had jurisdiction to make findings in accordance with its own view of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E. (2d) 773 (1976).

In an appeal from the circuit court of an equity case originating in the probate court, we may make findings in accordance with our own view of the preponderance or greater weight of the evidence where the probate court and the circuit court, as here, have disagreed on the material issues in the case. *See Price v. Derrick*, 262 S.C. 341, 204 S.E.

(2d) 389 (1974) (where master and circuit court disagree in an equity case regarding material issues in the case, the Supreme Court may make findings in accordance with its own view of the preponderance or greater weight of the evidence); *In re Solomons' Estate*, 74 S.C. 189, 54 S.E. 207 (1906) (the findings of the circuit court in an action originating in chancery are not final as to questions of fact but may be reviewed and reversed as in other appeals).

As the party challenging the validity of a gift on the ground of mental incapacity, SCNB had the burden of proving that Davis lacked sufficient mental capacity to make the gift during the period in question. 38 C.J.S. *Gifts* § 65c at 859 (1943); *see McCollum v. Banks*, 213 S.C. 476, 50 S.E. (2d) 199 (1948) (burden is upon one who relies on insanity to invalidate a will to prove by the preponderance of the evidence that the testator lacked mental capacity to execute the will).

SCNB, however, failed to carry its burden. Only scant evidence supports SCNB's contention that Davis was mentally incompetent during the contested period. It consists merely of showing that Davis' physical condition and handwriting deteriorated during her hospitalization.

On the other hand, Eagles presented the testimony of Davis' attending physician, Dr. Renwick Goldberg. His testimony, which the probate court discredited but the circuit court relied upon, established Davis' mental capacity to make a gift up until she died. We affirm the circuit court in this regard.

### III.

SCNB also contends the circuit court erred in holding that SCNB had the burden of proving undue influence. It argues a confidential relationship existed between Eagles and Davis at the time Davis made the alleged gift and, therefore, that the burden was on Eagles to prove the absence of undue influence.

A confidential relationship exists between parties when one party places trust and confidence in the other party and is dominated by the other party. *Middleton v. Suber*, —S.C.—, 388 S.E. (2d) 639 (1990); *Bullard v. Crawley*, 294 S.C. 276, 363 S.E. (2d) 897 (1987);

15A C.J.S. *Confidential* at 352-53 (1967). Where a confidential relationship exists between parties, a gift is presumed invalid and the burden is upon the donee to establish the absence of undue influence. 38 C.J.S. *Gifts* § 65f at 862 (1943). Otherwise, the burden is on the party attacking the gift to prove its invalidity. *Id.* at 861-62.

Although the record contains evidence that Davis ■ trusted Eagles to do what she required of her, there is no evidence that Eagles dominated Davis. We therefore agree with the circuit court that SCNB failed to show the existence of a confidential relationship between Eagles and Davis. *Bullard v. Crawley, supra.* The burden of proving undue influence, then, remained with SCNB.

## IV.

SCNB argues the circuit court erred in holding that ■ the assignment, which appears on the back of the bond designated as Plaintiff's Exhibit No. 1, was admissible where the Dead Man's Statute[3] and the hearsay rule rendered inadmissible the testimony offered by Eagles to provide the foundation for the assignment's introduction in evidence. We need not consider this argument because other evidence, that given by Nealie Gore, Eagles' mother, supplied the foundation required for the assignment's admission in evidence.

Gore identified Plaintiff's Exhibit No. 1 as the bond in dispute. On the back of the exhibit appear a printed assignment and the handwritten words "Mary Thomas Davis" above a signature line and the handwritten words "Mary T. Davis" below the line. Gore testified she saw Davis "sign[]it" and "give it" to Eagles. Her identification of the exhibit, the circuit court held, provided the foundation for its admissibility. Since SCNB does not question this holding by any proper exception, we have no alternative but to affirm it. *See Folkens v. Hunt,* 290 S.C. 194, 348 S.E. (2d) 839 (Ct. App. 1986) (an alternative ruling of a lower court that is not excepted to constitutes a basis for affirming the lower court).

---

[3] S.C. CODE ANN. § 19-11-20 (1976).

## V.

We do not address SCNB's Exception No. 5. The exception is obviously too general. S.C. SUP. CT. R. 4, § 6; *see Solley v. Weaver*, 247 S.C. 129, 146 S.E. (2d) 164 (1966) (a ground of appeal should be so distinctly stated that an appellate court may at once see the point it is called upon to decide "without having to grope in the dark" to determine the precise point at issue).

Affirmed.

SANDERS, C.J., and SHAW, J., concur.