23207

Sara Aughtry Wilson VAN SANT, Executrix of the Last Will and Testament of Janie S. Collins, deceased, Respondent v. Ida Gladden SMITH, Marion Smith, Ida S. Stewart, Lina Mae Leigh, Norma Durant, Mary O. Smith Inman, Debbie Smith Polson, Carlisle Smith, Jr., L.W. Smith III, Mary Jane Moore, Ruth Windham, Henry Smith, Judson Blaine Smith, Jr., Marion Elizabeth Smith Lyle, Belinda Carol Smith Luther, Brenda Jo Smith Kirkland, and Virginia Blaine Smith Mobley, Appellants.

(393 S.E. (2d) 174)

Supreme Court

*Isadore S. Bernstein* and *Nicholas D. Atria*, Columbia, *for appellants.*

*J. Lewis Cromer* of *Cromer & Mabry*, Columbia, *for respondent.*

Heard April 17, 1990.

Decided May 7, 1990.

TOAL, Justice:

The dispositive issue in this case is whether the Probate Code should be applied to this proceeding which was commenced prior to the enactment of the Code. The specific question is whether the appeal to the Circuit Court should have been a jury trial *de novo* or without a jury and purely on the record as mandated by the Probate Code. In our view, the resolution of this case is controlled by the provision of the new Probate Code which allows the court to determine whether the "interest of justice" requires that the former procedure be applied. We find that it does and therefore affirm.

## FACTS

The will of Janie S. Collins was admitted into probate on September 13, 1984. The will was challenged by the remaining heirs-at-law (the "Heirs") of the deceased on the grounds of undue influence and lack of mental capacity. On April 2, 1986, the will was set aside for lack of mental capacity. On April 10, 1986, the Executrix, Sara Van Sant, appealed to the Circuit Court and requested a jury trial *de novo*.

The Heirs moved to dismiss the appeal pursuant to S.C. Code Ann. § 18-5-20 on the grounds the Executrix failed to file grounds of appeal within 15 days after notice. This motion was not heard until March 17, 1987. On March 19, 1987, the motion was denied and the case was set for trial by jury on

December 7, 1987. On November 30, 1987, the Heirs moved to strike the Executrix's demand for a jury trial and requested the court to hear the appeal on the record in accordance with the new Probate Code and South Carolina Rules of Civil Procedure. The motion was heard and denied by Judge Mobley on December 4, 1987.

The denial of the motion was appealed to this Court. The appeal was dismissed as interlocutory without prejudice by an amended order dated March 3, 1988.

On February 22, 1988, the Heirs filed a motion to alter or amend the December 1987 order pursuant to Rules 59(e) and 60(a) of the South Carolina Rules of Civil Procedure. A hearing was held on March 11, 1988, and on August 14, 1988, Judge Mobley denied the motion.

A jury trial *de novo* was held in January 1989. The jury returned a verdict upholding the validity of the will. The Heirs bring this appeal on the procedural issue only.

## LAW/ANALYSIS

Until the enactment of the Probate Code, appeals from the Probate Court to the Circuit Court were strictly appellate as a general rule, and review was had on the record made in the Probate Court without additional evidence. *Martin v. Skinner*, 286 S.C. 527, 335 S.E. (2d) 252 (Ct. App. 1985). When an appeal involved the issue of "will" or "no will," however, the cause was transferred to the Circuit Court for a trial *de novo* as though it were an original cause in that court. *In re O'Neill's Estate*, 259 S.C. 55, 190 S.E. (2d) 754 (1972). Such an appeal is in reality a special proceeding which affords the parties the right to a trial by jury. *Id.; Martin, supra; Knight v. Kelly*, 289 S.C. 318, 345 S.E. (2d) 490 (1986).

The Probate Code was enacted in June 1986 and became effective July 1, 1987. Appeals from the Probate Court are now governed by S.C. Code Ann. § 62-1-308(d) which provides that the "hearing shall be strictly on appeal and no new evidence shall be presented."[1]

In addition, the Probate Code provides for a jury trial

---

[1] In addition, Rules 74 and 75 of the South Carolina Rules of Civil Procedure were amended and became effective May 1, 1986. Rule 75 states that "appeals to the circuit court shall be made upon the original record in the inferior court or administrative agency or tribunal."

when the issue is before the Probate Court. Section 62-1-306 (Supp. 1989) specifically states that the right to trial by jury exists in formal proceedings in favor of or contesting the probate of a will.

The application of Code provisions to proceedings pending in court on July 1, 1987, is limited by § 62-1-100. Section 62-1-100(b)(2) provides that the provisions of the Code apply unless the court determines that the former procedure should be applied in the "interest of justice."

The dispositive issue in this case is whether the trial court erred by allowing a jury trial *de novo* on appeal to the Circuit Court or whether the appeal should have been strictly on the record made in the Probate Court in accordance with § 62-1-308(d). We find that the "interest of justice" requires that the former procedure be applied in this case.

As noted above, under the former procedure, a litigant was afforded the right to a jury trial on appeal to the Circuit Court. Under the Probate Code, a litigant is granted the right to a jury trial in the Probate Court. Therefore, the right to a jury trial is provided under either procedure. In this case, the matter was commenced under the former procedure but had not concluded before the effective date of the Probate Code. If the provisions of the Code were applied in this case, the Executrix would be denied the right to ever have a jury trial. Therefore, we find that the interest of justice would not be served by applying the Code provisions and prohibiting the Executrix from having a jury trial.

Accordingly, the judgment of the lower court is affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.