Oscar E. SCHNEIDER, Petitioner,

v.

Ellis C. MacDOUGALL, Director, Department of Corrections, State of South Carolina, et al., Respondents.

Civ. A. No. AC–1578.

United States District Court
E. D. South Carolina,
Columbia Division.

Dec. 21, 1964.

Oscar E. Schneider, pro se.

Daniel R. McLeod, Atty. Gen. of South Carolina, and Edward B. Latimer, Asst. Atty. Gen., Columbia, S. C., for respondents.

HEMPHILL, Chief Judge.

The above styled petition for a Writ of Habeas Corpus contains numerous allegations that Petitioner's present confinement is in violation of his rights under the Constitution of the United States.

The substance of Petitioner's complaint is that he has been confined by the State of South Carolina since 1947, against his will, without ever having been convicted of a crime or even any appearance in a court of law.

The confinement of Petitioner was effectuated by an Order of Commitment dated June 1, 1947, signed by the late lamented Honorable William H. Grimball, Sr., Judge of the Ninth Judicial Circuit of South Carolina. After a period of observation, Petitioner was adjudged insane. An appropriate court order then committed him to the S. C. State Hospital as a patient.

Petitioner left the S. C. State Hospital without permission on February 12, 1948, went to Charleston County, S. C., and shot and killed a police officer and seriously wounded another. He was returned to the S. C. State Hospital; then lodged in a maximum security cell at the State Penitentiary.

Petitioner receives periodic physical and mental examinations by the staff of the S. C. State Hospital which makes written reports in accordance with established policy. In a "progress note" dated October 20, 1964, the doctor on the staff of the hospital diagnosed petitioner as insane, "schizophrenic reaction, paranoid type." (This has been

the diagnosis since Petitioner's original commitment in 1947.)

■ The Court judicially notices that paranoid schizophrenia is a very chronic form of mental illness and that the outlook for recovery in such cases is relatively poor. The Attorney General of South Carolina, in his Return, alleges that "petitioner needs no special mental treatment but is an extremely dangerous person who should be kept under maximum security and precautions." (The records of the State Hospital sustain this allegation.)

The State Hospital has no facilities to guarantee that Petitioner will not be able to leave again without permission. Accordingly, he has been detained in the State Penitentiary which has been classified as part of the State Hospital pursuant to § 32–933, S.C.Code, 1962.

■ Petitioner complains (and who can blame him?) that he has been incarcerated from his original commitment in 1947 to this day; all without being tried or convicted of a crime. Of course, if he was tried and convicted at a time when he was of unsound mind, or insane, he would be deprived of his liberty without due process of law. Massey v. Moore, 348 U.S. 105, 75 S.Ct. 145, 99 L.Ed. 135.

■ The Court concludes that Petitioner, who has filed in every appropriate State and Federal Court hitherto has nevertheless not exhausted the State Court remedies that are available to him. The basis of this conclusion is that Petitioner has the right, under the Order of the South Carolina Supreme Court dated June 14, 1961, to make application for a re-examination of his mental condition at any time. And, if such re-examination should reveal that he is sane or not so mentally disturbed as to be dangerous, he may then, if so advised, apply for a hearing with regard to his further confinement in the State Penitentiary section of the S. C. State Hospital.

It would thus seem that Petitioner would be entitled, under the Order of the South Carolina Supreme Court, to apply for a hearing on the basis of his re-examination on October 20, 1964. This application should rightly be made in the State Court. Because Petitioner's mental state could change, Cf., McCollum v. Banks, 213 S.C. 476, 50 S.E.2d 199, 202, just like the mental state of anyone else, he could re-apply *en futuro* at reasonable intervals.

Because the doors to the Courts of the State of South Carolina are still open to Petitioner, this petition must be denied and dismissed.

And it is so ordered.