18634

YORK COUNTY FAIR ASSOCIATION, Inc., Appellant, v.
SOUTH CAROLINA TAX COMMISSION, Respondent
(154 S. E. (2d) 361)

*Messrs. Hayes, Hayes & Brunson,* of Rock Hill, *for appellant.*

*Messrs. Daniel R. McLeod, Attorney General,* and *Joesph C. Coleman, Assistant Attorney General,* of Columbia, *for respondent,*

April 24, 1967.

Lionel K. Legge, Acting Justice.

York County Fair Association, Inc., appeals from a circuit court order rejecting its claim of exemption from South Carolina income tax.

Appellant is a South Carolina corporation engaged in the business of promoting and holding fairs in York County for the exhibition of livestock and poultry and agricultural and commercial products. Since 1934 all of appellant's capital stock has been owned by Frank Roach Post No. 34 of the American Legion. During the period with which this action is concerned, appellant's surplus income was paid, as authorized in its by-laws, to said Post No. 34.

In 1963, following a report of its examiner, respondent assessed against appellant income taxes plus interest, aggregating $3,947.75, for the period November 1, 1949, through October 31, 1962, under the provisions of the South Carolina Income Tax Law, Code, 1962, Sections 65-221 *et seq.* Appellant, claiming exemption under Section 65-226(8), paid the assessment under protest and brought this action to recover the amount so paid.

Section 65-226(8) exempts from income tax "[l]abor, agricultural or horticultural organizations no part of the net earnings of which inures to the benefit of any private stockholder or member." Post No. 34, appellant's sole stockholder, is a corporation. In order to bring itself within the statutory exemption, then, appellant must show that Post No. 34 is a non-private, *i.e.,* a public, corporation.

"Those corporations are public which are created for public purposes only, connected with the administration of the government, and the interests and franchises of which are the exclusive property and domain of the government itself. * * *

"Private corporations are created for private as distinguished from purely public purposes, and they are not in contemplation of law public because it may have been supposed by the legislature that their establishment would promote either directly or consequentially the public interest." 18 Am. Jur. (2d), Corporations, Section 8, pp. 553, 554.

"A 'public corporation' is an instrumentality of the state, founded and owned in the public interest, supported by public funds, and governed by those deriving their authority from the state, while a 'private corporation' may be one organized by permission of the legislature, supported largely by voluntary contributions, and managed by officers and directors who are not representatives of the state or any political subdivision, although the corporation is engaged in charitable work or performs duties similar to those of public corporations." *Edson v. Griffn Hospital,* 21 Conn. Sup. 55, 144 A. (2d) 341, 343, cited in Words and Phrases, Private Corporations, and Pocket Parts.

In *State v. Heyward,* 3 Rich.L. (37 S. C. L.) 389, the court, discussing the status of the Medical College in Charleston said:

"The division of corporations into public and private will be more simple and easily understood as political and private. Whatever belongs to the public, or people composing a government, is a public or political corporation. Private corporations are such as are instituted for the benefit of certain persons as individuals, or for the purpose of applying private funds or enterprise or skill to the public good. 'Public corporations are such as exist for public political purposes only, such as counties, cities, towns and villages. They are founded by the government for public purposes, and the whole interest in them belongs to the public. But if the foundation be private, the corporation is private, however extensive the uses may be to which it is devoted by the founder, or the nature of the institution' * * * 'a hospital, founded by a private benefactor, is a private corporation, though dedicated by its charter to general charity. A college, founded and endowed in the same manner, is a private charity, though from its general and beneficent objects it may acquire the character of a public institution.' " (Citing 2 Kent Com. 222-3).

Illustrative of the characteristics of public, as distinguished from private, corporations are our later cases of

*Floyd v. Parker Water & Sewer Sub-District,* 203 S. C. 276, 17 S. E. (2d) 223, and *Creech v. South Carolina Public Service Authority,* 200 S. C. 127, 20 S. E. (2d) 645.

Manifestly, an American Legion Post does not come within the definition of a public corporation. Its charitable, civic and patriotic purposes do not make it one.

Appellant argues, although it is not so stipulated, that Post No. 34 has always been considered a tax-exempt organization. But whether it is or not is beside the point; the issue here is concerned with the tax status of the Fair Association, not of the American Legion Post. Nor does the fact that in certain other subsections of Section 65-226 exemption from income tax is accorded to organizations that are "not for profit" alter appellant's case. Rather it would seem that had the intended criterion for tax exemption of "labor, agricultural or horticultural organizations" been the non-profit status of its stockholders, the statute would have said so instead of requiring that the stockholder be "private." For inspection of the language of the several subsections of 65-226 clearly discloses intent to differentiate between those organizations that are exempted because they are "non-profiit" and those whose right to exemption is conditioned that no part of their net earnings shall inure to the benefit of "any private stockholder or member."

"Constitutional and statutory language creating exemptions from taxation will not be strained or liberally construed in favor of the taxpayer claiming the exemption. He must clearly bring himself within the constitutional or statutory language upon which re relies." *Textile Hall Corporation v. Hill.* 215 S. C. 262, 54 S. E. (2d) 809, 814.

Since appellant is not clearly within the language of the statute, the trial judge properly disallowed its claim of exemption. However worthy its purposes and those of its stockholder, Frank Roach Post No. 34, the legislature alone

has the power, subject to constitutional limitations, to exempt appellant from income tax. That body has not done so; the courts cannot.

Affirmed.

Moss, C. J., and LEWIS and BUSSEY, JJ., concur.

GEORGE T. GREGORY, JR., Acting Justice, disqualified.