21905

Carse E. DUCKETT, a person non compos mentis, by his Guardian ad Litem, Clarence DUCKETT, Respondent, v. Mary M. PAYNE, Appellant.

(302 S. E. (2d) 342)

*William N. Epps, Jr., Steven M. Krause* and *Carey B. Murphy,* of *Epps & Krause,* Anderson, *for appellant.*

*Tom Bruce,* Greenville, *for respondent.*

April 20, 1983.

HARWELL, Justice:

Respondent initiated this action through his Guardian ad Litem to set aside a deed conveying property from himself to

appellant. The trial court, sitting without a jury, found that the grantor was mentally incompetent at the time he executed the deed. Consequently, the court set aside the deed. We affirm.

Carse Duckett, an elderly widower in his eighties, has six emancipated children including Clarence Duckett, his Guardian ad Litem in this appeal, and appellant. He can neither read nor write, other than to sign his name. He purchased the six acre tract of land in question in 1968 and is presently living there with two of his sons.

In May 1977, appellant petitioned the Probate Court to have her father adjudged mentally incompetent and committed to Crafts-Farrow State Hospital. After an evidentiary hearing in June 1977, the Probate Court adjudged Mr. Duckett to be incompetent and committed him to the State Hospital. That order was unappealed. Furthermore, no one instituted a procedure to have Mr. Duckett's mental capacity readjudged or his legal rights restored.

Mr. Duckett remained at the State Hospital for two months. Thereafter, he lived on his property with his two sons. Seven months later, appellant took Mr. Duckett to live with her. In July 1977, appellant requested a psychiatrist to examine her father to determine if he were competent to deed property. The doctor concluded he was. Two months later, appellant took her father to an attorney's office. The attorney had prepared a deed conveying the six acre tract of land to appellant. The attorney testified that he was never informed that Mr. Duckett had been adjudged incompetent. He stated that he read the deed to Mr. Duckett and that Mr. Duckett thereafter signed it.

Mr. Duckett became ill the same month he signed the deed and was admitted to Anderson Memorial Hospital. Upon his release, he did not return to live with appellant. Instead, he stayed for several months with his grandson. While Mr. Duckett was recovering at his grandson's, appellant served her two brothers with ejectment papers. The two brothers had remained on their father's property. The two brothers agreed to pay "rent" into an escrow account to be divided according to the results of this case. Mr. Duckett has returned to the property and presently is living there with his sons.

The testimony presented at trial concerning Mr. Duckett's mental capacity was conflicting. Appellant offered the testimony of the psychiatrist who examined Mr. Duckett at her request and the attorney who prepared the deed. Both stated they considered Mr. Duckett competent. Respondent offered the testimony of several witnesses who knew Mr. Duckett personally; they stated they believed he was incompetent. Additionally, respondent offered a copy of the order whereby Mr. Duckett previously was adjudged incompetent. An adjudication of insanity is no more than *prima facie* evidence of subsequent incapacity to contract. 41 Am.Jur. (2d) *Incompetent Persons* § 68 (1968). See *Also, McCollum v. Banks*, 213 S. C. 476, 50 S. E. (2d) 199 (1948). In this case, the trial judge based his decision on the testimony presented at trial in addition to the prior judgment declaring Mr. Duckett incompetent.

In an equity action, tried by a judge without a reference, we may review all the evidence to determine the facts in accordance with our own view of the preponderance of the evidence. *Townes Assoc., Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). Nevertheless, we do not disregard the findings of the trial court. Moreover, the appellant carries the burden of convincing this Court that the trial court erred. *Georgia R.R. Bank & Trust Co. v. Doolittle*, 272 S. C. 249, 252 S. E. (2d) 556 (1979). After reviewing the record and briefs, we conclude the appellant has not carried that burden. Accordingly, we affirm.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.