**SAFETY SYSTEMS OF HAWAII, INC., Plaintiff**

**v.**

**PURSONNA PILI, VICKIE J. PILI, and FALEMA'O PILI, all dba MARKING SYSTEMS, and SHOE PALACE, Defendants**

---

**DEVELOPMENT BANK OF AMERICAN SAMOA, Garnishee**

High Court of American Samoa
Trial Division

CA No. 124-93

May 6, 1996

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and BETHAM, Associate Judge.

Counsel:      For Plaintiffs, Marshall Ashley
                 For Defendants, Charles V. Ala'ilima
                 For Garnishee, Katopau T. Ainu'u

Order Granting Motion to Quash Writ of Garnishment:

### INTRODUCTION

On January 24, 1994, plaintiff Safety Systems of Hawaii, Inc., was awarded judgment against defendants for the total amount of $9,720.03, plus post-judgment interest to accumulate at a rate of 6% from May 15, 1992. As of February 15, 1996, a balance of $6,545.19 plus interest remained outstanding. In order to secure payment of this outstanding judgment, *inter alia*, the Development Bank of American Samoa ("DBAS") was garnished. DBAS has moved to quash the garnishment order. The motion came

regularly for hearing on April 12, 1996, with all counsel present.

## DISCUSSION

■ DBAS is a public corporation. "A public corporation is an instrumentality of the state, founded and owned in the public interest, supported by public funds and governed by those deriving their authority from the state." *Black's Law Dictionary* 1106 (5th ed. 1979) (quoting *York County Fair Ass'n v. South Carolina Tax Comm'n,* 154 S.E.2d 361, 362 (S.C. 1967). DBAS is an instrumentality of the state. *See generally* A.S.C.A. Tit. 28, ch. 1 (establishing DBAS and setting forth its governing principles); *see also* A.S.C.A. § 28.0107 (requiring DBAS to account annually to the Governor and Legislature). It was founded and is owned in the public interest. *See* A.S.C.A. § 28.0106 ("The bank exists and operates solely for the benefit of the public . . . ."); *see also* A.S.C.A. § 28.0101 (setting forth purposes of DBAS). It is run by those deriving their authority from the state. *See* A.S.C.A. § 28.0103 (requiring that the board of directors for DBAS be appointed by the Governor with the advice and consent of the Senate). Therefore, DBAS is a public corporation.

■ "[P]ublic corporations are not subject to the garnishment process in the absence of statutory provisions making them liable thereto." 6 AM. JUR. 2D *Attachment & Garnishment* § 84, at 619 (1963). A general statutory provision making corporations subject to garnishment does not include public corporations. *Id.* There is no statute specifically making DBAS subject to garnishment.

■ DBAS falls under the provisions of A.S.C.A. § 48.1803(b) exempting "public bodies or agencies" from garnishment without the prior approval of the Governor. The term "public body" has been held by other jurisdictions to include milk commissions, *see Connerly v. Dyer,* 8 S.2d 681, 682, state highway commissions, *see Warnick v. Louisiana Highway Comm'n,* 4 S.2d 607, 612 (La. 1942), public utility commissions, *see Department of Pub. Utils. v. Trustee of Properties of N.Y.,* 24 N.E.2d 647, 650 (Mass. 1939), and county boards of education, *see Carroll County Educ. Ass'n v. Board of Educ. of Carroll County,* 448 A.2d 345, 351 (Md. 1982), among others. The phrase would seem to encompass all public corporations, including DBAS. Thus, DBAS is a public body exempt from garnishment without prior approval by the Governor.

The Governor has not given prior approval for the garnishments presently before the court. Although the Governor has approved garnishment of wage checks for employees of the American Samoa Government in the past, we are not aware that this approval has been extended to DBAS. We will not assume that such approval has been given.

Therefore, as a public body under A.S.C.A. § 43.1803(b), DBAS is not subject to garnishment without the prior approval of the Governor. The Motion to Quash the Writ of Garnishment is granted.

It is so ordered.