**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Greenville Hospital System, Appellant,

v.

South Carolina Department of Revenue, Respondent.

Appellate Case No. 2017-001548

---

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

---

Unpublished Opinion No. 2020-UP-065
Heard February 11, 2020 – Filed March 11, 2020

---

**AFFIRMED AS MODIFIED**

---

Frank William Cureton, of Columbia, and Arthur Frazier McLean, III, of Greenville, both of Haynsworth Sinkler Boyd, PA; and Charles M. Sprinkle, III, for Appellant.

Patrick Alan McCabe and Jason Phillip Luther, both of Columbia, for Respondent.

---

**PER CURIAM:**  In this contested case action concerning an application for a sales tax exemption, Appellant Greenville Hospital System (GHS) seeks review of the Administrative Law Court's (ALC) order granting summary judgment to Respondent South Carolina Department of Revenue (the Department).  GHS argues the ALC

erred in concluding that (1) the sales tax exemption in section 12-36-2120(41) of the South Carolina Code (2014) excludes items sold by all political subdivisions of the State and all "charitable institutions in the nature of hospitals"; (2) a political subdivision cannot qualify as a charitable organization as contemplated by section 12-37-220 of the South Carolina Code (2014 & Supp. 2019); and (3) the sales tax exemption statute may not be liberally construed in favor of political subdivisions. We affirm as modified.

1.      As to whether the sales tax exemption in section 12-36-2120(41) excludes items sold by all political subdivisions of the State and all charitable institutions in the nature of hospitals, we agree with the interpretation of this provision set forth in category II.B on page 4 of SC Revenue Procedure #03-6.  *See S.C. Energy Users Comm. v. S.C. Pub. Serv. Comm'n*, 388 S.C. 486, 491, 697 S.E.2d 587, 590 (2010) ("Under the plain meaning rule, it is not the province of the court to change the meaning of a clear and unambiguous statute.  Where the statute's language is plain, unambiguous, and conveys a clear, definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." (citation omitted)); *State v. Johnson*, 396 S.C. 182, 188, 720 S.E.2d 516, 520 (Ct. App. 2011) ("In interpreting a statute, the court will give words their plain and ordinary meaning[] and will not resort to forced construction that would limit or expand the statute.").  Therefore, the ALC's order is modified to conform to this interpretation.

2.      As to whether section 12-36-2120(41) must be liberally construed in favor of political subdivisions, we affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *S.C. Energy Users Comm.*, 388 S.C. at 491, 697 S.E.2d at 590 ("Under the plain meaning rule, it is not the province of the court to change the meaning of a clear and unambiguous statute.  Where the statute's language is plain, unambiguous, and conveys a clear, definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." (citation omitted)); *see also CFRE, LLC v. Greenville Cty. Assessor*, 395 S.C. 67, 74–75, 716 S.E.2d 877, 881 (2011) ("In this case, interlaced with these standard canons of statutory construction is our policy of strictly construing tax exemption statutes against the taxpayer.  'This rule of strict construction simply means that constitutional and statutory language will not be strained or liberally construed in the taxpayer's favor. It does not mean that we will search for an interpretation in [the Department]'s favor where the plain and unambiguous language leaves no room for construction.'  It is '[o]nly when the literal application of the statute produces an absurd result will we consider a different meaning.'" (citations omitted) (quoting *Se.-Kusan, Inc. v. S.C. Tax Comm'n*, 276 S.C. 487, 489–90, 280 S.E.2d 57, 58 (1981))); *Duckett ex rel.*

*Duckett v. Payne*, 279 S.C. 94, 96, 302 S.E.2d 342, 343 (1983) ("[T]he appellant carries the burden of convincing this [c]ourt that the trial court erred."); *accord Flexon v. PHC-Jasper, Inc.*, 413 S.C. 561, 578, 776 S.E.2d 397, 406 (Ct. App. 2015).

3.	As to whether a political subdivision may qualify as a charitable organization as contemplated by section 12-37-220, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *York Cty. Fair Ass'n v. S.C. Tax Comm'n*, 249 S.C. 337, 339–40, 154 S.E.2d 361, 362 (1967) (distinguishing between a public corporation and a private corporation); *Sandel v. State*, 126 S.C. 1, 7, 119 S.E. 776, 778 (1922) (same); *Duckett*, 279 S.C. at 96, 302 S.E.2d at 343 ("[T]he appellant carries the burden of convincing this [c]ourt that the trial court erred."); *accord Flexon*, 413 S.C. at 578, 776 S.E.2d at 406.

**AFFIRMED AS MODIFIED.**

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**