**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jennifer McFarland and Carlton Holcombe, Appellants,

v.

Thomas Morris and David Hannemann, Respondents.

Appellate Case No. 2019-000644

———————

Appeal From Dorchester County
Maite Murphy, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-113
Heard February 9, 2022 – Filed March 16, 2022

———————

**AFFIRMED**

———————

Russell Grainger Hines, of Clement Rivers, LLP, of Charleston, for Appellants.

Morgan S. Templeton and William Wharton Watkins, Jr., both of Wall Templeton & Haldrup, PA, and John Joseph Dodds, IV, of Yarborough Applegate, LLC, all of Charleston, and Graham Pollock Powell, of The Powell Firm, of Mount Pleasant, for Respondents.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 33-31-830(a) (2006) ("A director shall discharge his

duties as a director, including his duties as a member of a committee: (1) *in good faith*; (2) with the care an *ordinarily prudent person in a like position* would exercise under similar circumstances; and (3) in a manner the director *reasonably believes to be in the best interests of the corporation*." (emphases added)); S.C. Code Ann. § 33-31-830(d) (2006) ("A director is not liable to the corporation, a member, or any other person for any action taken or not taken as a director, if the director acted in compliance with this section."); S.C. Code Ann. § 33-31-831(a) (2006) ("A conflict of interest transaction is not voidable or the basis for imposing liability on [a] director if the transaction was fair to the corporation at the time it was entered into . . . ."); Rule 208(b)(1)(B), SCACR ("Broad general statements may be disregarded by the appellate court."); Rule 208(b)(1)(E), SCACR ("At the head of each part, the particular issue to be addressed shall be set forth in distinctive type, followed by discussion and citations of authority."); *Buffington v. T.O.E. Enters.*, 383 S.C. 388, 393, 680 S.E.2d 289, 291 (2009) ("[W]hile there is no formulaic balancing test, . . . courts should consider equitable doctrines when determining whether to enforce a restrictive covenant . . . . Indeed, an action to enforce a restrictive covenant is an action in equity, and to hold that a court must issue an injunction as a matter of law upon a finding that a restrictive covenant has been violated is erroneous."); *Duckett by Duckett v. Payne*, 279 S.C. 94, 96, 302 S.E.2d 342, 343 (1983) ("[T]he appellant carries the burden of convincing this [c]ourt that the trial court erred."); *Lollis v. Dutton*, 421 S.C. 467, 477, 807 S.E.2d 723, 728 (Ct. App. 2017) ("On appeal from an action in equity, [the appellate court] may find facts in accordance with its view of the preponderance of the evidence." (alteration in original) (quoting *Walker v. Brooks*, 414 S.C. 343, 347, 778 S.E.2d 477, 479 (2015))); *id.* at 478, 807 S.E.2d at 728 ("However, this broad scope of review does not require this court to disregard the findings at trial or ignore the fact that the [circuit court] was in a better position to assess the credibility of the witnesses." (alteration in original) (quoting *Laughon v. O'Braitis*, 360 S.C. 520, 524–25, 602 S.E.2d 108, 110 (Ct. App. 2004))); *id.* ("Further, 'this broad scope does not relieve the appellant of [the] burden to show that the trial court erred in its findings.'" (alteration in original) (quoting *Ballard v. Roberson*, 399 S.C. 588, 593, 733 S.E.2d 107, 109 (2012))); *Rawlinson Rd. Homeowners Ass'n v. Jackson*, 395 S.C. 25, 35, 716 S.E.2d 337, 343 (Ct. App. 2011) ("A party seeking injunctive relief 'must demonstrate irreparable harm, a likelihood of success on the merits, and the absence of an adequate remedy at law. An injunction is a *drastic remedy* issued by the court *in its discretion* to prevent irreparable harm suffered by the plaintiff.'" (emphases added) (quoting *Denman v. City of Columbia*, 387 S.C. 131, 140–41, 691 S.E.2d 465, 470 (2010))); *S.C. Dep't of Soc. Servs. v. Mother ex rel. Minor Child*, 375 S.C. 276, 283, 651 S.E.2d 622, 626 (Ct. App. 2007) ("[W]e note this issue is abandoned because Mother makes a conclusory argument without citation of any authority to

support her claim."); *Ellie, Inc. v. Miccichi*, 358 S.C. 78, 99, 594 S.E.2d 485, 496 (Ct. App. 2004) ("Numerous cases have held that where an issue is not argued within the body of the brief but is only a short conclusory statement, it is abandoned on appeal.").

**AFFIRMED.**

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**